**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rex Bryant BOWERS,**
**Defendant–Appellant.**

No. 87–3108.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 1, 1987.
Decided Dec. 3, 1987.

Robert F. Barnes, Jr. (argued), Cincinnati, Ohio, Rex Bryant Bowers, Texarkana, Tex., for defendant-appellant.

John DiPuccio (argued), Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff-appellee.

Before: KEITH, MILBURN and NORRIS, Circuit Judges.

PER CURIAM.

Defendant, Rex Bryant Bowers, appeals his conviction of three counts of passing altered postal service money orders, in violation of 18 U.S.C. §§ 2 and 500.

Defendant was arrested on April 30, 1986, pursuant to an arrest warrant issued by the postal inspector. The government filed a motion for pretrial detention on April 30. A detention hearing was held on May 2 and the United States Magistrate denied bond. A written order of pretrial detention was filed on May 5. The United States Attorney assigned to the case and

counsel for defendant then entered plea negotiations. A tentative plea agreement was reached in which defendant would waive indictment by a grand jury and plead guilty to a one-count information. Defense counsel promised to review the agreement with his client. Accordingly, the United States Attorney prepared the proposed agreement and information. Arraignment on the information was scheduled for May 19, but defense counsel and defendant failed to appear. Arraignment was rescheduled for May 21. At that time, defendant advised the magistrate and the United States Attorney that he did not wish to plead guilty and the information and plea agreement were withdrawn. Because the grand jury was not currently in session, the matter was scheduled to be presented to the grand jury at its next session on June 5.

Defendant filed a motion for release from custody on June 2, alleging that more than thirty days had passed since the date of his arrest, and he had not yet been indicted. The motion was denied on June 4, and the grand jury returned a three-count indictment against defendant on June 5.

The evidence at trial showed that, on three separate occasions, defendant raised the monetary face value of a postal service money order, and passed it to a motel clerk in payment of his motel bill. Defendant used his own name and driver's license when registering at the motels. He was identified as the passer by some of the motel clerks in a pretrial photographic spread and at trial. Defendant was sentenced to four years on each count, to be served consecutively.

Defendant first contends that he was entitled to release from custody under the "speedy trial" provisions of 18 U.S.C. § 3161(b), since the indictment charging him was filed thirty-five days from the date of his arrest, rather than thirty days as required by the statute. In overruling defendant's motion for release from custody, the district court, following a hearing, concluded that defense counsel and the government had entered into a tentative plea agreement, and that defense counsel failed to report to the United States Attorney his client's rejection until fifteen days later, by which time it was no longer possible to obtain an indictment within the allotted thirty days. The court expressed its concern that a defendant not be permitted to "sandbag" the government under these kinds of circumstances.

■ Although the indictment appears to have been filed five days outside the thirty-day limit, the statute provides for excluding periods of delay in computing whether the thirty-day limit has been satisfied. Delay attributable to a pretrial motion, from filing until it has been heard and disposed of, is excluded. 18 U.S.C. § 3161(h)(1)(F). Here, on April 30, 1986, the government filed a motion seeking pretrial detention, and the motion was orally granted on May 2; thus, May 1 and 2 are excludable. In addition, another two days are excludable. On May 14, notice was issued for defendant's arraignment at 10:00 a.m., on May 19. Defense counsel was absent from his office from May 13 until noon on May 19 and, thus, neither he nor defendant attended the hearing. They did attend the rescheduled arraignment hearing on May 21. Counsel conceded in oral argument that days attributable to their nonappearance should not be charged to the government. We conclude that May 19 and 20 can be excluded either as a period of delay resulting from the absence or unavailability of the defendant, within the contemplation of 18 U.S.C. § 3161(h)(3)(A) [*see United States v. Stafford*, 697 F.2d 1368, 1375 (11th Cir.1983)], or as a period of delay resulting from a proceeding concerning the defendant pursuant to 18 U.S.C. § 3161(h)(1), under the rationale set out below. Clearly, May 21, the day of the arraignment, is excluded as a proceeding concerning the defendant. When these time periods are excluded, defendant's indictment was filed within thirty days.

■ The record also supports the district court's determination that defendant's indictment was timely, based upon its finding that a tentative plea agreement had resulted from negotiations between defense

counsel and the government. Although defendant is correct when he points out that the exclusion of time for plea agreements which is spelled out in 18 U.S.C. § 3161(h)(1)(I) is for delay resulting from consideration by the court of a proposed plea agreement, the periods of delay listed in 18 U.S.C. § 3161(h)(1)(A) through (J) are only examples of delay "resulting from other proceedings concerning the defendant" and are not intended to be exclusive. All the examples listed are of delaying circumstances that ought not be charged to the government. Similarly, the trial court was warranted in declining to charge this delay to the government, since the plea bargaining process can qualify as one of many "other proceedings." *United States . v. Montoya*, 827 F.2d 143, 150 (7th Cir.1987). Where the total period allowed for indictment is only thirty days, failure by the defendant during half that period to communicate to the government his rejection of a tentative plea agreement can be viewed as a delay resulting from proceedings concerning the defendant. The district court was justified in its stated belief that these circumstances constituted an "extreme case," since the matter could no longer then be presented to the grand jury within the thirty-day period.

Accordingly, we find no merit in the first issue raised by defendant on appeal.

■ Defendant next argues that his cause must be remanded for sentencing since, in his view, the district court did not comply with the requirements of Fed.R. Crim.P. 32(c)(3)(D). Under the rule, once defendant called to the sentencing judge's attention offenses listed in the presentence report, which he contended were uncounseled, it was incumbent upon the judge to either resolve the factual dispute, or to determine that no such finding was necessary because the controverted matters would not be taken into account in sentencing. Here, the district judge, as demonstrated by the transcript of the sentencing proceedings, noted that he had reviewed the materials transmitted by defense counsel, and "in fashioning our sentence we consider only those crimes that were com-

mitted by your client when he was an adult and when he was represented by counsel and where he was convicted."

By reading into the record his determination that the controverted matters would not be taken into account in framing the sentence, the district court satisfied the requirements of the rule. *United States v. Fry*, 831 F.2d 664 (6th Cir., 1987). Attaching a copy of the transcript to any copy of the presentence investigation report made available to the Bureau of Prisons or the Parole Commission would complete compliance with the rule.

Three witnesses to whom defendant was alleged to have passed altered money orders had been shown arrays of photographs and asked to identify the person who had passed them the money orders. In view of their uncertainty in identifying the perpetrator of the crime from the photographs, defendant contends that the in-court identification by the witnesses should not have been permitted, since the witnesses had no independent basis for identifying defendant and the identification was the product of impermissibly suggestive procedures.

■ Evidence of a pretrial photographic spread will not be admitted when the procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). The trial court found that there was substantial evidence to indicate that the photo spread was not impermissibly suggestive and that each witness identified defendant based upon her recollection of the incident. Each witness had personal contact with defendant when he registered at the motel or paid his bill. We find nothing in the record to suggest that the photographic identification procedure was impermissibly suggestive, or that the witnesses did not have an independent basis for recalling the incidents on which they based their in-court identification. Furthermore, there was substantial evidence to corroborate the eye-witness identifications, including admissions by the defendant, handwriting and fingerprint

identification, and the fact that defendant's driver's license was presented by the perpetrator of the crime when the money orders were passed.

■ As his final issue on appeal, defendant contends that the trial court improperly admitted evidence of other acts, pursuant to Fed.R.Evid. 404(b). The evidence complained about was testimony from a clerk at a motel to whom a raised postal money order had been passed; the incident was not the basis of one of the counts against defendant. Although the clerk was unable to identify defendant as the man who gave her the money order, she did testify that the person who passed the money order furnished a driver's license and that the license number and the social security number on the license were recorded by her on the motel reservation form. This information matched that found on defendant's driver's license, which he possessed at the time of his apprehension. The witness also testified that the name the passer of the money order filled out on the motel registration card was Rex Bryant Bowers, P.O. Box 591, Thorsby, Alabama 35171, the same name and address which was found on the money orders and registration cards involved in the incidents underlying the three charges against defendant, and on his driver's license. In addition, the money order was passed to the clerk on the same day and in the same city as was another money order, which formed the basis for one of the indicted acts. Because the evidence of the extraneous act was accompanied by the proper limiting instruction from the court, and was relevant to disputed issues of opportunity, intent, knowledge, and identity, we are unable to say that its probative value was outweighed by its potential prejudicial effect. Accordingly, defendant's argument is not well-taken.

In view of the foregoing, the judgment of the district court is affirmed.