909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest WAGNER, Defendant-Appellant.
 No. 90-1127.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1990.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges, and LEON JORDAN, District Judge.*
 
 ORDER
 
 2
 Ernest Wagner appeals the district court's judgment denying his motion filed under Fed.R.Crim.P. 32(c)(3)(D). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wagner sought to challenge his jury conviction on one count of conspiracy to distribute heroin and two counts of distribution of heroin in violation of 21 U.S.C. Sec. 846 and Sec. 841(a)(1). He was sentenced to 15 years on the conspiracy count, to be served consecutively to two concurrent 5 year terms on the distribution counts. Wagner's convictions were affirmed by this court, and the United States Supreme Court denied certiorari.
 
 
 4
 In his Rule 32(c)(3)(D) motion Wagner asserted that the sentencing judge failed to correct his presentence investigation report to reflect the correct amount of heroin involved in his crimes. Rather than dealing in 1,948.14 grams of heroin, Wagner claims he dealt with only 22.72 grams of heroin. Wagner argues that this amount needs to be corrected because the higher amount is listed in his sentence computation worksheet and the Parole Commission has used the higher amount to compute his parole.
 
 
 5
 The district court summarily denied his motion as without merit. Wagner has filed a timely appeal raising this same argument.
 
 
 6
 The district court properly denied this motion. First, the district court lacked jurisdiction to entertain the motion under Fed.R.Crim.P. 32(c)(3)(D). United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988). Second, review of the sentencing transcript shows that the district court complied with Rule 32(c)(3)(D), by expressly stating that it would not rely on the disputed information at sentencing. See United States v. Graham, 856 F.2d 756, 762 (6th Cir.1988), cert. denied, 109 S.Ct. 1144 (1989); United States v. Bowers, 834 F.2d 607, 610 (6th Cir.1987) (per curiam). The relevant portion of the transcript containing the court's statement of nonreliance should have been attached to Wagner's presentence investigation report. We cannot make a determination as to this latter point, however, because it has not been expressly raised by Wagner and, as previously stated, the district court lacked jurisdiction to review this motion in the first place.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation