UNITED STATES of America, Plaintiff,

v.

Keith LONG, Defendant.

Crim. A. No. 94–210–M.

United States District Court,
N.D. West Virginia.

March 3, 1994.

**602**

Sam G. Nazzaro, Asst. U.S. Atty., Wheeling, WV, for plaintiff.

John J. Pizzuti, Wheeling, WV, for defendant.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT AND ORDERING CONTINUANCE

STAMP, Chief Judge.

Defendant Keith Long was arrested on or about January 18, 1994. On January 21, 1994, defendant Long entered into a written plea agreement with the government in which he agreed to proceed by information. This Court was not advised that the defendant had entered into the plea agreement until February 15, 1994. On February 17, 1994, the parties appeared before this Court for a hearing on the filing of the information and consideration of the proposed plea agreement. At the hearing, the defendant informed the Court that he no longer wished to proceed with the information or the plea agreement.

The Speedy Trial Act requires that an information or indictment be entered within thirty days of a defendant's arrest. 18 U.S.C. § 3161(b). Therefore, defendant's last minute decision not to proceed by information left the government only one day to obtain an indictment. On February 18, 1994, the government filed a Motion for Excludable Time Pursuant to the Speedy Trial Act. This Court heard oral argument on the speedy trial issue on February 18, 1994. On February 22, 1994, defendant Long filed a Motion to Dismiss for Violation of the Speedy Trial Act on the grounds that he had not been indicted within thirty days of his arrest.

Under the Speedy Trial Act, an indictment or information must be filed within thirty days of a defendant's arrest. 18 U.S.C. § 3161(b).[1] The Act includes a list of certain periods of delay that are excluded in computing this thirty day period in 18 U.S.C. § 3161(h). Section 3161(h)(1) excludes *any* period of delay resulting from other proceedings concerning the defendant. This section includes a non-exclusive list of "other proceedings concerning the defendant" that are properly excluded. For example, under § 3161(h)(1)(I) any delay resulting from the court's consideration of a proposed plea agreement is excluded.

■ The parties concede and this Court agrees that, at a minimum, the time from which the plea agreement was brought to the Court for consideration on February 15, 1994 until defendant informed the government and the Court that he no longer intended to proceed under the agreement on February 17, 1994 is properly excluded under 18 U.S.C. § 3161(h)(1)(I). However, the parties dispute whether any time is excludable for the interim period between defendant's signing of the plea and its presentation to the Court for consideration.

■ The interim period at issue here is not excluded under § 3161(h)(1)(I) because, even though the plea agreement had been signed, it was not brought "under consideration" by the Court until February 15, 1994. Likewise, the interim period is not excluded under any of the other enumerated periods

---

**1.** Section 3161(b) provides, in relevant part: "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

in § 3161(h)(1). Nevertheless, several courts have determined that the time during which a plea agreement is pending but has not been brought before the court can be excluded under § 3161(h)(1) as a period of delay resulting from other proceedings concerning the defendant.

In *United States v. Bowers,* 834 F.2d 607, 610 (6th Cir.1987), the Court excluded time for the pendency of a tentative plea agreement where the defendant informed the government of his decision not to plead to an information at the end of the thirty day period. The Court explained that:

> Where the total period allowed for indictment is only thirty days, failure by the defendant during half that period to communicate to the government his rejection of a tentative plea agreement can be viewed as a delay resulting from proceedings concerning the defendant. The district court was justified in its stated belief that these circumstances constituted an "extreme case," since the matter could no longer then be presented to the grand jury within the thirty day period.

*Id.* at 610. Similarly, in *United States v. Morety,* 702 F.Supp. 957 (E.D.N.Y.1988), the defendant reneged on his agreement to plead guilty to an information on the 29th day after his arrest. The prosecutor secured dismissal of the complaint thirty-one days after defendant's arrest and subsequently indicted defendant. The defendant moved to dismiss under the Speedy Trial Act for failure to indict within thirty days of his arrest. The Court found that defendant's speedy trial rights had not been violated even though he was not indicted within thirty days of his arrest because the defendant was responsible for the delay and the government had not acted in bad faith. The Court stated that a finding that the defendant's rights had been violated would "pervert" the purposes of the Speedy Trial Act by allowing the "defendant to turn the Act into a mousetrap in which to catch prosecutors." *Id.* at 960.[2] *See also United States v. Scott,* 743 F.Supp. 400, 403–404 (D.Md.1990).

Even though the Fourth Circuit has not specifically ruled on this issue, the Fourth Circuit has cited the Sixth Circuit's opinion in *Bowers* with approval on a general basis. *See United States v. Wright,* 990 F.2d 147 (4th Cir.1993). Further, this Court believes that the Fourth Circuit is likely to approve of the *Bowers* reasoning on this specific issue in light of the opinion in *United States v. Quinteros,* 769 F.2d 968, 973 (4th Cir.1985). In *Quinteros,* the government dismissed the initial complaint against the defendant within thirty days of the original arrest. Thirty-three days after the original arrest, the government indicted defendant without filing any subsequent complaint. The defendant argued that the thirty-three day delay between his arrest and indictment violated his right to a speedy trial under § 3161(b) because he was indicted more than thirty days after his arrest. The Fourth Circuit rejected defendant's argument holding that the indictment of the defendant thirty-three days after he was arrested and charged did not violate his statutory speedy trial right where the original complaint had been dismissed and the government did not act in bad faith. The Fourth Circuit's opinion in *Quinteros* is similar to *Bowers* in that *Quinteros* precludes a defendant from taking unfair advantage of the Speedy Trial Act. While the Speedy Trial Act was passed with the laudable purpose of protecting defendants and the public from excessive delays in proceeding to trial, the Act does not permit a defendant to obtain an unfair advantage over the government.

■ In this case, even though the grand jury was convened during the interim period, the government should not have been expected to indict this defendant who had already signed a plea agreement agreeing to proceed by information. If the government had presented this matter to the grand jury, undoubtedly the defendant would have had grounds to object in that he had waived his right to proceed by indictment. To dismiss the complaint for failure to indict would unfairly prejudice the government for justifiably relying on the written plea agreement.

---

**2.** Alternatively, the *Morety* Court found that, even if defendant's right to a speedy trial had been violated, the original charge was properly dismissed without prejudice thus allowing the government to re-file charges against defendant and obtain an indictment.

Certainly this result is not anticipated or required by the Speedy Trial Act. While this Court does not challenge or question defendant's right not to proceed with the plea agreement, at the same time, the defendant is not entitled to avoid prosecution because he has changed his mind.

For these reasons, this Court concludes that the interim time period after the plea was signed but before it was brought to the Court should be excluded under § 3161(h) as a period of delay resulting from "other proceedings" concerning the defendant. Because all of the time from the signing of the plea agreement on January 21, 1994 until February 17, 1994 is excluded, thirty countable days have not passed since defendant's arrest and his right to a speedy trial has not been violated. Accordingly, defendant's motion to dismiss for violation of the Speedy Trial Act should be and hereby is DENIED.

■ Alternatively, even if Long's right to a speedy trial has been violated, this Court would grant Long's motion to dismiss but without prejudice. The decision to dismiss for violation of the Speedy Trial Act is within the discretion of the trial court. *United States v. Taylor*, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). The Speedy Trial Act limits this discretion by the inclusion of a list of factors which the trial court must consider in deciding whether to bar prosecution by dismissing an indictment with prejudice. The factors the court must consider are: 1) the seriousness of the offense; 2) the facts and circumstances of the case which led to the dismissal; and 3) the impact of reprosecution on the administration of justice and on administration of the Speedy Trial Act. 18 U.S.C. § 3162(a)(1). Application of the factors to this case demonstrates that dismissal without prejudice is appropriate.

First, Long is charged with distribution of approximately 500 grams of crack cocaine within 1,000 feet of a protected location. Dismissal with prejudice would bar Long's prosecution for this serious offense and would be unwarranted in light of the nature of this alleged crime. Second, if this case was dismissed for violation of the Speedy Trial Act, the facts and circumstances leading to the dismissal indicate that dismissal

should be without prejudice. There is no indication that there was any wrongdoing by any of the involved parties; rather the failure to indict within thirty days of the arrest resulted from the government's reliance on defendant's signed plea agreement. As discussed above, the government should not be prejudiced for failing to indict a defendant who agreed to proceed by information. With regard to the third factor, there is no evidence that a delay in the indictment gave the government a tactical advantage, that the delay was purposeful, or that the defendant was unfairly prejudiced by the delay. It certainly is not in the best interest of justice or the public to allow this defendant to avoid prosecution in these circumstances. Accordingly, this Court finds that, if Long's right to a speedy trial had been violated, dismissal would have been granted without prejudice.

■ Finally, under § 3161(h)(8)(A), this Court is authorized to continue this matter if it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In § 3161(h)(8)(B) the act includes a *non-exclusive* list of factors to which a court may look in determining whether to grant such a continuance. For example, in cases such as this where the arrest precedes the indictment, the Court should consider whether the arrest occurs at a time such that is unreasonable to expect return and filing of the indictment within thirty days. § 3161(h)(8)(B)(iii). In this case, although the timing of the arrest did not make it unreasonable to expect return and filing of the indictment within thirty days, the defendant's last minute decision not to proceed by information certainly did. For all of the reasons discussed above, this Court finds that justice would not be served unless the government is provided with an adequate opportunity to present this matter to a grand jury within a reasonable period of time and that these interests outweigh the public's and the defendant's interest in a speedy trial. It is, accordingly,

ORDERED that this matter be continued for thirty days from the date of the entry of this order. This thirty day period shall be excluded in computing the time within which

the indictment of the offense charged must be obtained, in accordance with the provisions of 18 U.S.C. § 3161(h)(8)(A). This Court notes that Chief Judge Robert E. Maxwell has ordered that the grand jury reconvene on March 15 through March 17, 1994. Consequently, there is every reason to believe that this matter could be presented to the grand jury within this thirty-day period.

IT IS SO ORDERED.