UNITED STATES of America, Plaintiff

v.

Awilda RUIZ–MARTY, Defendant.

No. 06–0111 (DRD).

United States District Court,
D. Puerto Rico.

Oct. 25, 2006.

138

Ernesto G. Lopez–Soltero, Jose A. Ruiz–Santiago, United States Attorney's Office, San Juan, PR, for Plaintiff.

Alexander Zeno, San Juan, PR, for Defendant.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is defendant, Awilda Ruiz–Marty's *Motion for Dismissal on Speedy Trial Grounds and/or for the Prompt Scheduling of a Trial* (Docket No. 76) filed on September 21, 2006, as well as plaintiff, United States of America's *Opposition to Defendant's Motion to Dismiss on Speedy Trial Grounds and/or for the Prompt Scheduling of a Trial* (Docket No. 78), filed on September 22, 2006.

Defendant avers that there is speedy trial violation merely because upon Defendant's knowledge that the trial for the instant case was set for September 15, 2006, she purchased a plane ticket to travel from Washington, D.C. to San Juan, made plans to stay in Puerto Rico for the

duration of the trial and started preparations for said trial. Defendant avers that around that the same time, the trial date was cancelled, **without Defendant's consent**. Defendant alleges that said action constitutes a violation of the Speedy Trial Act and/or the Constitution of United States. Consequently, Defendant objects to the cancellation of the trial and requests the dismissal of the instant case on said grounds.

Furthermore, Defendant states that, notwithstanding the aforementioned allegations, Defendant, in good faith, continued to hold verbal plea negotiations with A.U.S.A. Juan Milanés which culminated in an agreement that, the Court adds, later went sour. Due to the fact that Defendant trusted that the verbal agreement would be honored, Defendant did not file a motion for dismissal on speedy trial grounds[1]. Notwithstanding said trust, Defendant alleges that Juan Milanés failed to honor his end of the plea agreement. Defendant alleges that instead of honoring his end, AUSA Milanés e-mailed Defendant a plea agreement that incorporated a forfeiture clause that was never discussed in the initial verbal agreement. Defendant avers that Mr. Milanés as an excuse, averred that the forfeiture clause was added because it was not convenient for the Department of Justice to have a separate criminal and civil trial and that co-defendant Ferdinand Padilla's counsel Mr. Luis Rivera believed it was the best course of action since the forfeiture matter could be subject to plea agreements, thereby potentially disposing of both concerns.

For the reasons stated above, Defendant states and prays that the charges in the instant case be dismissed based on the Speedy Trial Act and/or violation to the Constitution of the United States and/or that a trial be promptly scheduled taking into consideration the fact that Defendant wasted time and money in her reliance on the initial scheduling date of the trial and on the word of the Department of Justice. The request is not supplemented by any legal arguments or citations warranting Defendant's position.

Notwithstanding, the United States of America, in its *Motion in Opposition to Defendants Motion to Dismiss* (Docket No. 78), avers that Plaintiff has always been ready for trial in the present case and that at no time has the Speedy Trial Act ("STA") clock totally lapsed. Plaintiff avers that the Defense Counsel has no legal grounds nor offers any legal bases for filing a motion claiming a violation of the Speedy Trial Act.

The United States further avers that the STA did not start until the Court's Scheduling Order was issued on March 29, 2006. Plaintiff alleges that although the Indictment in this case was returned on March 22, 2006, a motion was pending before the Court at the time the Indictment was returned. Plaintiff states that the aforementioned automatically tolled the STA until a decision on Defendant's motion was timely issued on March 29, 2006.

Furthermore, the United States of America avers that on April 7, 2006, within nine (9) days of the commencement of the STA clock, the Defendant filed the first motion, tolling the STA ("Motion to Modify Condition of Release, Request for De Novo Hearing on behalf of Awilda Ruiz–Marty Docket No. 23"). Plaintiff avers that the STA remained tolled until May 17, 2006, when other consecutive outstanding motions that were subsequently filed were

---

1. The Motion would have been denied since there are no grounds for a Constitutional violation of the Speedy Trial dispositions under the 6th Amendment and the statutory Speedy Trial had been tolled due to many statutory authorized reasons (see discussion infra).

resolved. Within two (2) days of the STA clock recommencing, the United States filed a motion under Rule 12 (Docket No. 42), designating evidence in the instant case. Plaintiff avers that since there was no response or opposition from Defendants regarding said motion, the Court restarted the STA clock on June 5, 2006 when it issued an Endorsed Order regarding Plaintiff's motion. Notwithstanding, on June 16, 2006, eleven (11) days after the STA clock had been restarted, defendant, Awilda Ruiz–Marty, the mover in the instant Motion, filed a *Motion to Continue Trial* (Docket No.44). Plaintiff avers that since the aforementioned motions, there have been fourteen (14) consecutive motions, petitions, responses and replies filed in the instant case that have continuously tolled the STA clock.

Consequently, Plaintiff alleges that, as of this date, only twenty-two (22) of the seventy (70) days of the Speedy Trial Act have elapsed and that the Defense itself has contiguously delayed the trial in this case with its motions. For said reasons, Plaintiff avers that since defendant Awilda Ruiz–Marty cannot seek to benefit from her own dilatory tactics, Defendant's *Motion to Dismiss on Speedy Trial Grounds* (Docket No. 76) must be denied.

Since Court is not persuaded by Defendant's allegations, for the reasons stated below, defendant, Awilda Ruiz–Marty's *Motion for Dismissal on Speedy Trail Grounds and/or for the Prompt Scheduling of a Trial* (Docket No. 76) is hereby **DENIED.**

## I. APPLICABLE LAW

### a. 6th Amendment Speedy Trial Dispositions and Speedy Trial Act (STA)

■ Pursuant to the United States Constitution "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ." *See* U.S. Const. Amends. VI. Nevertheless, "[t]his right is not so absolute or unqualified that it admits of no delay. 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' " *See Reece v. U.S.*, 337 F.2d 852, 853 (5th Cir.1964)(*quoting Beavers v. Haubert*, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950 (1905)).

The instant case is not yet covered under the umbrella of the 6th Amendment's speedy trial since that flag is not raised thereunder until one year has elapsed since the indictment or arrest, whichever occurs first. "[T]he lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year." *See Doggett v. U.S.*, 505 U.S. 647, 652, n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520(1992) "It would be, however, 'an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to speedy trial has been violated.' " *See U.S. v. Mitchell*, 723 F.2d 1040, 1049 (1st Cir., 1983)(*quoting U.S. v. Nance*, 666 F.2d 353, 360 (9th Cir., 1982))(*emphasis ours*); *see also U.S. v. Santiago–Becerril*, 130 F.3d 11, 21 (1st Cir.1997). The STA has not elapsed in the instant case as explained infra.

■ As well as the Sixth Amendment to the Constitution, the Speedy Trial Act (STA), 18 U.S.C. § 3161(c)(1), "protects defendants from undue post-accusation delay." *See* 35 Geo. L.J. Ann. Rev.Crim. Proc. (2006). The STA states that a federal criminal trial must begin within seventy (70) days of the filing of an Information or Indictment or Defendant's initial appear-

ance. *See* 18 U.S.C. § 3161(c)(1). "The remedy for [a] violation of the 70–day requirement is dismissal of the indictment **either with or without prejudice,** depending on consideration of several statutory factors." *See U.S. v. Rodriguez,* 63 F.3d 1159, 1162 (1st Cir., 1995) (*emphasis ours* ); *see also* 18 U.S.C. § 3162(a)(2). Consonant with the Sixth Amendment case law, said requirement may not be taken literally due to the fact that the STA states that certain periods of delay shall be excluded when computing the time within which the trial must commence. *See* 18 U.S.C. § 3161(h); *see also U.S. v. Staula,* 80 F.3d 596, 600 (1st Cir., 1996). When an STA violation is alleged by a Defendant, the Court must follow a two-step process. *See Staula,* 80 F.3d at 600 (1st Cir., 1996). "First, the court must do the basic mathematics and determine the aggregate time elapsed awaiting trial. Second, it must determine how many days should be excluded from that ultimate sum." Id.; *see also U.S. v. Sepulveda,* 15 F.3d 1161, 1193 (1st Cir.,1993). "Certain types of pretrial delays are automatically excluded from the Act's time limits." 35 Geo. L.J. Ann. Rev. Crim. Proc. (2006). Several examples of tolling considered excludable under the STA "clock" are the following: "Delay resulting from any pretrial motion, from the date of the filing of the motion through the date of the prompt disposition of the motion. . . ." *See U.S. v. Arbelaez,* 7 F.3d 344, 347 (3rd Cir., 1993); "[D]elay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court;" *See* 18 U.S.C. § 3161(h)(1). Furthermore, **"[a] pretrial motion resulting in excludable time for one defendant also stops the Speedy Trial clock for all codefendants."** *See U.S.*

*v. Torres Lopez,* 851 F.2d 520, 526 (1st Cir., 1988)(*emphasis ours* ); *see also, Arbelaez,* 7 F.3d at 347 (3rd Cir., 1993) ("pursuant to section 3161(h)(7), after defendants are joined for trial, an exclusion applicable to one defendant applies to all codefendants.")(*internal citations omitted* ), *U.S. v. Feurtado,* 191 F.3d 420, 425 (4th Cir., 1999) ("The fact that some of the motions were for discovery and were filed by other defendants does not mean that the delay is nonexcludable time and we have so held in *United States v. Jarrell,* 147 F.3d 315, 316 (4th Cir.1998)").

██ As established by *U.S. v. Rodriguez,* 457 F.3d 109, 113 (1st Cir., 2006), the flexibility of the STA is provided by § 3161(h)(8), "which governs ends-of-justice continuances." As stated in said case law,

> this provision permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. **This provision gives the district court discretion-within limits and subject to specific procedures-to accommodate limited delays for case-specific needs.**

*See U.S. v. Rodriguez,* 457 F.3d 109, 113 (1st Cir., 2006)(*emphasis our* )[2]

### b. Perfunctory Allegations

██ Circuit Courts have continuously reiterated that if throughout the text of a motion, a moving party fails to submit a developed argument to support its petition, the Court shall deem said argument waived. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are

---

**2.** The Court does not depend on any excludable tolling based on "ends of justice" reason-

ing.

deemed waived." See *U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir., 1990); *see also Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 353 (1st Cir.1989); *U.S. v. Casas*, 425 F.3d 23, 30 (1st Cir., 2005); *U.S.v. Ramirez–Ferrer*, 1995 WL 237041 (1st Cir., 1995). Since "Judges are not expected to be mindreaders", "litigants are obligated 'to spell out [their] arguments squarely and distinctly,' or else forever hold [their] peace." *Rivera–Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.,1988)(*quoting Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir.,1988))(*emphasis ours*); *see also Zannino*, 895 F.2d at 17 (1st Cir., 1990); *U.S. v. Candelaria–Silva*, 162 F.3d 698, 708 (1st Cir., 1998); *Gonzalez–Lasalle v. U.S.*, 2006 WL 1897031 (D.Puerto Rico, 2006). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *See Rivera–Gomez*, 843 F.2d at 635. The jurisprudence requiring that litigants must spell out their arguments squarely and distinctly, *Rivera–Gomez v. de Castro*, 843 F.2d at 635, has been codified in the Court's Local Rule 7.1(a). Said Rule specifically applies to Criminal Cases. *See* Local Criminal Rule 112. Local Civil Rule 7.1(a) states that "[a]ll matters submitted to the Court for considerations shall be presented by written motion filed with the Clerk of the Court **incorporating a memorandum of law, including citations and supporting authorities.**" (*Emphasis ours*).

## II. Factual Background Regarding Excludable Motions and Proceedings

The following motions are considered excludable under the STA clock. Conse-

quently, said motions toll the speedy trial deadline.

■ On March 7, 2006, defendant, Awilda Ruiz–Marty filed a Motion to stay bail decision and reopen detention hearing (Docket No. 5). Consequently, the Court filed and Order granting said motion and scheduling a bail review hearing for March 20, 2006 at 9:00 a.m. (Docket No. 5)[3].

On March 22, 2006, Plaintiff filed a Motion to Seal Indictment (Docket No. 16), which was granted by the Magistrate Judge, on that same day. On said day, the Indictment for both defendants was filed. Consequently, the Arraignment was set for March 28, 2006 at 9:30 a.m. On March 24, 2006, defendant, Awilda Ruiz–Marty filed a Motion to seal a document and filed the corresponding Sealed Motion (Docket No. 14, 15). Orders granting said motions were filed on March 29, 2006 and on March 30, 2006 they were terminated.

On April 7, 2006, defendant, Awilda Ruiz–Marty filed a *Motion Requesting De Novo Detention Hearing* (Docket No. 23). On April 17, 2006, Plaintiff filed a *Response to Defendant's Motion Requesting De Novo Detention Hearing* (Docket No. 24). On May 5, 2006, the Defendant filed a *Second Motion Requesting De Novo Detention Hearing* (Docket No. 25) Consequently, on May 9, 2006, the Court filed an Order (Docket No. 26), regarding said motions. The Court ordered a De Novo hearing for May 11, 2006. On said date, the hearing was held and the aforementioned motions were terminated (Docket No. 36).

On May 19, 2006, Plaintiff filed a Motion under Rule 12 for *Designation of Evidence*

---

3. The Motion tolls the STA until the Court resolves the Motion within thirty days of sub-

mittal of the matter or after a hearing. *See* 18 U.S.C. 3161(h)(1).

(Docket No. 42). On June 5, 2006, the Court filed an *Endorsed Order* noting said motion and ordering that individual discovery must be provided to the Defendants.

On June 16, 2006, defendant, Awilda Ruiz–Marty filed an *Informative Motion An For Continuance Of Trial* (Docket No. 44). On June 16, 2006 the Court filed an Order granting defendant's motion. Therefore, the plea agreement due date was changed for June 28, 2006 and the jury trial was reset for July 6, 2006 at 9:00 a.m.

On June 29, 2006 a *Motion Informing Outcome of Third–Party Custodian Candidate Investigation* (Docket No.52) was filed as to defendant, Awilda Ruiz–Marty. On July 13, 2006, the Court filed and Order (Docket No. 57) granting said motion.

On July 17, 2006, defendant Awilda Ruiz–Marty filed an emergency *Motion to Modify Conditions of Release* (Docket No. 58). On that same day, Plaintiff filed a *Response to Defendant's Motion to Modify Conditions of Release* (Docket NO. 59). Consequently, on July 24, 2006, Defendant filed a *Reply to Government's Response to Our Motion to Modify Conditions of Release* (Docket No. 62). Accordingly, on September 27, 2006, the Court filed an Order (Docket No. 80) regarding said motions. Through said order, the Court authorized Co-defendant Awilda Ruiz Marty to visit her common law husband, Ferdinand Padilla Troche, at the Metropolitan Detention Center, Guaynabo, Puerto Rico.(Other Motions filed in the interim tolled the STA, see further discussion infra).

On August 8, 2006, defendant, Awilda Ruiz Marty filed a *Motion Requesting That Court Ask Defendant As To Satisfaction With CJA Attorney* (Docket No. 66). At the pretrial conference held on August 10, 2006, said motion was entertained and granted (Docket No. 71). On that same day, the Defendant also filed a *Motion Requesting Permission to Hire Detective Under CJA* (Docket No. 67). Said motion was entertained and granted immediately (Docket No. 71).

On August 11, 2006, the United States filed a *Motion to Seal Document* (Docket No. 68) as well as the Sealed Motion (Docket No. 69). Accordingly, on August 14, 2006, the Court filed an Endorsed Order granting the filing of the sealed motion. Furthermore on August 31, 2006, defendant Awilda Ruiz Marty filed an *Urgent Motion to Continue Jury Trial* (Docket No. 72). On September 6, 2006, the Court filed an *Endorsed Order* noting and mooting said motion, pursuant to the Minute Entry filed on August 24, 2006 (Docket No. 73).

Finally, on October 16, 2006, counsel for co-defendant Awilda Ruiz Marti filed an informative motion as to the continuance of jury trial (Docket No. 83). On October 17, 2007 the Court filed an Order as to both Defendants (Docket No. 84). Through said order the Court stated that since defendant, Ferdinand Padilla–Troche filed an *Urgent Motion Requesting Continuance of Jury Trial* (Docket No. 82) based on the fact that counsel and AUSA Juan Milanes were conducting plea negotiations, wherein both defendants were involved, (as to the substantive criminal count and/or a potential forfeiture) jury trial previously set for October 23, 2006 at 9:00 a.m. was vacated and set aside. The Court Order stated that the jury trial was to be set following the discretion of the court to set a new trial date, after a continuance request of the defendant, as set forth in the case of *Santiago–Becerril*, 130 F.3d at 17. Under said case law, the speedy trial is tolled until the beginning of the jury trial at the availability of the Court's calendar (reasonable if the Court set the trial within thirty days). *See* Id. For said reason, the Court

reset the jury trial for November 6, 2006 at 9:30 a.m. and stated that no further continuances were to be granted. As of today the defendant Awilda Ruiz–Marty's STA clock has 47 days left.

## III. ANALYSIS

As aforementioned, pending before the Court is defendant, Awilda Ruiz–Marty's *Motion for Dismissal on Speedy Trail Grounds and/or for the Prompt Scheduling of a Trial* (Docket No. 76), as well as plaintiff, United States of America's *Opposition to Defendant's Motion to Dismiss on Speedy Trial Grounds and/or for the Promt Scheduling of a Trial* (Docket No. 78).

At the outset, the Court hereby **DENIES** defendant, Awilda Ruiz–Marty's Motion to Dismiss (Docket No. 76) due to the fact that the Defendant adverted its arguments "in a perfunctory manner, unaccompanied by some effort [of] developed argumentation" and failed to file a memorandum of law as required by Local Civil Rule 7.1(a). For said reason the Court deems the argument insufficient. *See Zannino,* 895 F.2d at 17 (*emphasis ours*); *See also Rivera–Rodriguez,* 2005 WL 290160; *Brown,* 891 F.2d at 353; *Rivera–Gomez,* 843 F.2d at 631–635; *Paterson–Leitch Co.,* 840 F.2d at 990. As aforementioned, it is not enough to simply mention a possible argument in the most skeletal way. It is counsel's responsibility, to create the ossature for the argument, and put flesh on its bones. *See Zannino,* 895 F.2d at 17. Consequently, the Court hereby **DENIES** Defendant's Request for a Speedy Trial both under the 6th Amendment (the case is not yet one year old) and under the Speedy Trial Act.

■ Nevertheless, the Court will entertain Defendants "perfunctionary allegations". As aforementioned, Defendant avers that she purchased a plane ticket to travel from Washington D.C. to San Juan, made plans to stay in Puerto Rico for the duration of the trial and started preparations for said trial. Defendant avers that around that time the trial date was cancelled, without her consent. Defendant alleges that said action is a violation of the Speedy Trial Act and/or the Constitution of United States. Defendant's allegations fail to persuade the Court.

■ In *United States v. James Daychild,* 357 F.3d 1082, 1094 (9th Cir.2003), the Co-defendant, contended that "it was improper for his former counsel to request motions to continue," **without his consent,** since he had requested a speedy trial. The Court stated that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion [was] excludable." *See James Daychild,* 357 F.3d at 1094 (9th Cir.2003)(*emphasis ours*). The Court further stated that it "does not have to make findings or consider any factors. The delay due to a pretrial motion does not even have to be reasonably necessary to be excluded." *See James Daychild,* 357 F.3d at 1094–1095 (9th Cir., 2003)(*quoting United States v. Aviles–Alvarez,* 868 F.2d 1108, 1112 (9th Cir., 1989))(*internal citation omitted*). The Court of *Daychild* therefore decided that counsel's motions tolled the STA clock.

In the case at bar, on August 24, 2006 co-defendant, Ferdinand Padilla–Troche, requested a continuance of his change of plea hearing, which the Court granted. For said reason, the Court set for September 27, 2006 a status conference for both Defendants. Consequently, the Court vacated and set aside the trial date set for September 15, 2006. Due to the fact that the delay from any pretrial motion is excludable from the STA clock, including a

pretrial motion filed by a Co-defendant, co-defendant, Ferdinand Padilla–Troche's request to continue his change of plea hearing for a latter date, automatically tolled defendant, Awilda Ruiz–Marty's STA clock. *See James Daychild,* 357 F.3d at 1094; *see also Torres Lopez,* 851 F.2d at 526; 18 U.S.C. § 3161(h)(7). Due to said automatic tolling the Court, as decided in *United States v. James Daychild,* does not have to make any findings or consider any factors, like the fact that defendant Awilda Ruiz–Marty did not consent to the cancellation of the trial date.

Nevertheless, after the trial date was cancelled on August 24, 2006, defendant Awilda Ruiz–Marty's counsel, filed on August 31, 2006 an *Urgent Motion To Continue Jury Trial* (Docket. No 72), due to the fact that since he was residing in Washington D.C., the date of September 15, 2006 was inconvenient. The Court granted said motion as moot pursuant to the fact that the Court had already cancelled the trial date. Furthermore, on September 11, 2006, defendant, Awilda Ruiz–Marty, filed a *Motion for Change of Plea* (Docket No. 74), informing the Court that since she had reached and agreement with the U.S. Government, she wished for the Court to schedule a change of plea hearing. On said motion Defendant requested that, since she was traveling from Washington D.C. to Puerto Rico on September 17, 2006 and was returning to the United States on September 22, 2006, the plea hearing be set within said time frame. Consequently, the Court granted Defendant's motion and set her change of plea hearing for September 21, 2006 (Docket No. 75). Defendant's aforementioned motion automatically tolled her STA clock at

least until her plea would be taken on September 21, 2006. Notwithstanding, on September 21, 2006, the day of Defendant's change of plea hearing, Defendant filed her *Motion for Dismissal on Speedy Trial Grounds and/or for the Prompt Scheduling of a Trial* (Docket No. 76)(The Court points out that the time during which a speedy trial motion is under the Courts consideration, is considered excludable from the STA clock). *See U.S. v. Brown,* 736 F.2d 807, 809–810 (1st Cir., 1984)("[A] speedy trial motion triggers excludable delay under subsection (F)")(*emphasis ours*); *see also U.S. v. Bolden,* 700 F.2d 102, 103 (2nd Cir., 1983)("[T]he delay resulting from a speedy trial motion is no different from that resulting from any other pretrial motion.")(*emphasis ours*).

Defendant's aforementioned acts move the Court to believe that she was aware of the trial date cancellation and that even if she didn't previously consent to it, said allegation became moot upon the filing of her change of plea motion.

## VI.  CONCLUSION

Therefore, for the reasons stated above, defendant Awilda Ruiz–Marty's *Informative Motion for the Dismissal on Speedy Trial Grounds and/or for the Prompt Scheduling of a Trial* (Docket No. 76–1), is hereby **DENIED.** The Court further states that pursuant to the Court's computerized STA program there are at least forty seven(47) days left under the Speedy Trial Act presuming that trial shall be held on November 6, 2006 at 9:00 a.m [4]. Moreover, there is no 6th Amendment speedy trial violation since the case is not yet one

---

4.  The Court further states that there are several Motions and/or requests made in conferences which the Court has not fully discounted from the STA clock based on the parties "motions" requesting time "to negotiate a

plea". (Specifically in the instant case, to negotiate a plea as to substantive counts as well as forfeiture counts). *See U.S. v. Gamble,* 2003 WL 21143077; *see also U.S v. Bowers,* 834 F.2d 607, 610 (6th Cir., 1987).

year old. *See Doggett,* 505 U.S. at 652, 112 S.Ct. 2686, FN. 1.

**IT IS SO ORDERED.**