UNITED STATES of America,
Plaintiff,

v.

Saul MORENO–NAVARRO, Defendant.

Crim. No. 07–249(DRD).

United States District Court,
D. Puerto Rico.

Aug. 15, 2008.

Julie B. Mosley, United States Attorney's Office, San Juan, PR, for Plaintiff.

Guillermo A. Macari–Grillo, Macari Law Office, San Juan, PR, for Defendant.

## ORDER AS TO DISMISSAL BASED ON SPEEDY TRIAL VIOLATION (DOCKET NO. 293)

DANIEL R. DOMINGUEZ, District Judge.

The court denied defendant Saúl Moreno–Navarro's Motion to Dismiss on Speedy Trial Violation, Docket No. 293, filed on May 22, 2008 and resolved on June 3, 2008, Minutes, Docket No. 302. The reasoning behind the court's determination as to a statutory violation under the Speedy Trial Act, STA, 18 U.S.C. 1661 et seq., Docket No. 293 was duly informed to counsel at the status conference. The ground were basically that the motion was treated by defendant in a "perfunctory manner," that is, "unaccompanied by some effort at developed argumentation ... [and hence] is deemed waived." *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990); *United States v. Cruzado–Laureano,* 527 F.3d 231, 233 (1st Cir.2008); *Rosado–Quiñones v. Toledo,* 528 F.3d 1 (1st Cir.2008); *Sánchez v. Triple S,* 492 F.3d 1, 13 (1st Cir.2007); *Casillas–Díaz v. Palau,* 463 F.3d 77, 83 (1st Cir.2006); *United States v. Ruiz–Marty,* 463 F.Supp.2d 137 (D.Puerto Rico 2006) (citing compendium of dismissals of argument per "perfunctory" treatment in criminal cases, p. 141–142).[1]

Further, the rules of the United States District Court for the District of Puerto Rico require in criminal motion practice, Local Crim. R. 112, that all criminal motions filed must comply with Civil Rules 5.1, 6, 7.1(a), 10 and 11, which re-

---

1. Counsel advised the court that he filed the motion to satisfy the insistent request of the defendant.

quire among others particulars that all motions be accompanied by a separate legal document containing citations with supporting authorities. See Local Civ. Rule 7.1(a). A motion which merely alleges in conclusive fashion that the statutory speedy trial contained at 18 U.S.C. 3161 et al. has been violated does not pass muster. Further, because the allegations being made refer to a statutory violation of the Speedy Trial Act and/or to a violation under the speedy trial dispositions under the VI Amendment, counsel must peruse before filing a motion the record of the case for the grounds and not merely file a conclusive motion to satisfy defendant's personal whim.

■ First, as to the speedy trial constitutional claim, the VI Amendment does not appear in the panorama until at least the longevity of the case approaches one-year.[2] See *Doggett v. U.S.*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Defendant first appeared in the case in the Superseding Indictment dated June 27, 2007, Counts One and Two, and further appeared in the Second Superseding Indictment dated August 22, 2007, Counts One, Two, Three, Seven and Eight. Further, if the case is more than one-year the court must examine, in order to find a VI Amendment violation, the case of *Barker v. Wingo*, 407 U.S. 514, 530–533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), wherein the Supreme Court established a balancing test consisting of four parts to be used in determining whether a defendant's constitutional right to a speedy trial has been affected. A District Court should consider (1) the length of the delay; (2) the reasons for the delay; (3) defendant's assertion of speedy trial rights; (4) the prejudice to the defendant caused by the delay. *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. 2182. See also *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir.1993); *United States v. Santiago–Becerril*, 130 F.3d at 21.

■ In the instant case when defendant filed the Speedy Trial motion citing a statutory claim, (Docket No. 293), on May 22, 2008, one year had not elapsed since the Superseding Indictment, nor the arrest, nor counts Three to Eight in the Second Superseding Indictment had one year of longevity. Furthermore, the reasons for the delay that can be easily gleaned from the record are that the case had in excess of ten defendants filing motions and at this date in excess of 355 dockets, most of which motions referred to motions filed by co-defendants relating to discovery matters, motions to suppress and/or bail reviews. Moreover, the defendant has not suffered prejudice since he has filed several motions and joined others seeking redress which have taken considerable time to be resolved. Therefore, prima facie there is no violation to the VI Amendment constitutional speedy trial as the year had not elapsed and no prejudice had been suffered by defendant and further the delays are not attributable to a governmental delay tactic.

■ The statutory Speedy Trial alleged violation suffers the same deficiency. The "Speedy Trial Act, (hereinafter referred to as "STA"), does not deal in absolutes, but rather, envisions the **exclusion of certain periods of time.**" (Emphasis ours.) 18 U.S.C. 3161. *United States v.*

---

**2.** The constitutional right is computed from his date of arrest or the indictment whichever occurs first. *United States v. MacDonald*, 456 U.S. 1, 6–7, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). *United States v. Santiago–Becerril*, 130 F.3d 11, 21 (1st Cir.1997). The arrest occurred first prior to indictment as defendant was arrested on June 15, 2007 (Docket No. 2). Hence, when defendant filed the motion alleging a Speedy Trial violation, even if taken as an alleged constitutional violation, the case was not one year old.

*Vega Molina,* 407 F.3d 511 (1st Cir.2005). Excludable periods of time are to be deducted from the seventy days statutorily granted to begin trial commences under the STA after the latter of the return of the indictment or defendant's first appearance before a judicial officer. *United States v. Santiago–Becerril,* 130 F.3d at 15; 18 U.S.C. 3161(c)(1). Any motion filed by a defendant or even by the government, as movant, tolls the speedy trial. *United States v. Santiago–Becerril,* 130 F.3d at 16. Further, and perhaps most critical, every motion filed by any co-defendant tolls the speedy trial as to all other co-defendants. "A pre-trial motion resulting in excludable time for one defendant also stops the speedy trial clock for all co-defendants." *United States v. Torres López,* 851 F.2d 520, 526 (1st Cir.1988). See also *United States v. Arbelaez,* 7 F.3d 344, 347 (1st Cir.1983). "Pursuant to Section 3161(h)(7) after defendants are joined for trial an exclusion applicable to one defendant applies to all." See *United States v. Feurtado,* 191 F.3d 420, 425 (4th Cir. 1999). ("The fact that some of the motions were for discovery and were filed by other defendants does not mean that the delay is not excludable.") See finally *United States v. Santiago–Becerril,* 130 F.3d at 18 ("any defendant's motion ... is excludable time tolling the STA clock for his co-defendants") citing *United States v. Ortiz* 23 F.3d 21, 27–28 (1st Cir.1994) and *United States v. Santiago–Becerril,* Id., concluding that "[e]very circuit that has considered [§ 3161(h)(7) ][motions of co-defendants] has held in essence that 'an exclusion applicable to one applies to all.' " (Citations omitted.)

█ Moreover, the court has made several findings beginning at Docket No. 89, followed by Docket No. 111, under 18 U.S.C. 3161(h)(8)(A) wherein the court determined, at the request of defendant because the case would involve additional defendants not yet indicted, some had yet not been arrested, a superseding indictment was then announced and discovery was needed to prepare and/or to file motions to suppress and further involved more counts, eventually seven substantive counts were added involving different robberies affecting interstate commerce, to toll the Speedy Trial Act for a specific period of time based on that "the ends of justice served outweigh the speedy trial interest." 18 U.S.C. 3161(h)(8)(a). *United States v. Santiago–Becerril,* 130 F.3d at 16.[3] The court at the request of the defendant reiterated the tolling under § 3161(h)(8)(A) at several Minutes, Dockets Nos. 141, 197, 231, 266, 283, 308 and 342. (In some of the hearings the tolling occurred because of pending motions of discovery and/or other matters were filed by co-defendants or defendants requested time to file dispositive motions which were eventually filed, Dockets No. 331 and 332.)

Also, defendant by joining motions of co-defendants, tolled the Speedy Trial Act as to all motions that he joined. Defendant, for example, joined co-defendants' Motion to Dismiss for Duplicity at Dockets 331 and 332. The defendant filed late extensions to join the motions. The time remains excludable since the motions are

**3.** The court at the request of defendants to toll the Speedy Trial, made specific findings as to the complexity of the case and to allow defendants to perform discovery to be prepared for trial and/or to file dispositive motions and/or motions to suppress. Other times the court tolled noting motions filed by defendants that tolled the Speedy Trial. The underlining reasoning of the court as to the tolling under 3161(h)(8)(A) was that all defendants were still not present, further charges were to be charged and defendants needed time for discovery for the filing of dispositive motions which were later eventually filed at Dockets 331 and 332.

still under consideration by the Magistrate Judge.

▮▮▮▮ Defendant is to further note, as to any motion filed by any party that the court normally has thirty days to resolve a pending motion after a hearing and/or after submittal of the matter. *United States v. Joost*, 133 F.3d 125, 130 (1st Cir.1998); 18 U.S.C. 3161(h)(1)(5). The excludable thirty-day period also excludes the days after a hearing when the court waits for briefs and/or materials relating to the motion to be decided. *Henderson v. United States*, 476 U.S. 321, 331, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). Further, hearings that the court holds relating to a pending motion are also excludable under 3161(h)(1)(f). "Delay resulting from any pre-trial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion." *United States v. Staula*, 80 F.3d 596, 601 (1st Cir.1996.) Moreover, as long as the hearing on a motion is conducted or is pending before trial, delay until the hearing ends is to be considered a delay resulting from a pre-trial motion. *United States v. Salimonu*, 182 F.3d 63 (1st Cir. 1999). As is the motion filed in the instant case by co-defendant number one, Angel Luis Fernández, at Docket No. 115, on September 15, 2007, wherein he requested that his potential witnesses not be intimidated by another co-defendant and/or by the FBI. The Magistrate Judge began hearing this allegation, continued originally the hearing sine die, potentially waiting for evidence to be produced by the movant. The original hearing was continued after some evidence was received (see Docket No. 210). The hearing was rescheduled by the Magistrate Judge for September 4, 2008, Docket No. 337.

▮▮▮▮ Moreover, even motions filed to dismiss for speedy trial violations as filed by the defendant in the instant case

toll the Speedy Trial Act for at least thirty days if not decided by the court within said period. *United States v. Rogers*, 899 F.2d 917 (10th Cir.), cert. denied 498 U.S. 839, 111 S.Ct. 113, 112 L.Ed.2d 83 (1990). Appeals filed by the defendant as to a court order, including bail, further toll the Speedy Trial Act. *United States v. Didier*, 542 F.2d 1182 (2nd Cir.1970). The defendant has currently filed an appeal relating to a denial of bail. See Docket 334.

Most critical above all, is that defendant (not necessarily counsel) ignored that notwithstanding that he may not have filed any motion whatsoever, any motion filed by any other co-defendant tolls the speedy trial as to him. *United States v. Torres López* 851 F.2d at 526; *United States v. Santiago–Becerril*, 130 F.3d at 18.

Hence, before filing any motion the court encourages counsel to thoroughly examine the sequence of motions that have been filed by other co-defendants and by defendant himself that for some reason or another have had longevity in the eventual resolution of the matter. These motions of other co-defendants toll the Speedy Trial Act as to defendant. *United States v. Santiago–Becerril*, 130 F.3d at 18. For example, defendant himself filed a motion for bail on March 8, 2008, Docket No. 248. Counsel filed a legitimate reasonable continuance at Docket No. 267. The government requested a similar valid continuance at Docket 295, the court held the hearing on June 4, 2008, Docket No. 302, and decided on July 17, 2008, Docket No. 329. However, notwithstanding that the court took a few days over the thirty days allowed to decide the case tollable under the STA, other interim motions filed by other co-defendants also tolled the speedy trial covering the excess days over thirty that the court took in deciding the case. The court reiterates that defendant has appealed the bail, Docket No. 334. That appeal

now tolls the speedy trial for the duration of the appeal until the decision on the matter by the Court of Appeals, pursuant to *United States v. Didier*, 542 F.2d at 1188.

Hence, defendant prior to filing any further motions as to delay is to closely examine the docket in this case and then, if deemed reasonable, file an appropriate motion under the Speedy Trial Act or under the VI Amendment. That motion will also toll the Speedy Trial Act. *United States v. Rogers*, 899 F.2d 917; *United States v. Santiago–Becerril*, 130 F.3d at 20–21.[4]

**IT IS SO ORDERED.**

4. A statutory speedy trial violation, as opposed to a dismissal under the VI Amendment, will not necessarily bar a further new indictment under the same grounds unless the delay has been caused by the government and/or the new indictment is time barred. The court has discretion to authorize re-prosecution. Counsel are urged to review *United States v. Brown*, 770 F.2d 241, 242–243 (1st Cir.1985) cert. denied 474 U.S. 1064, 106 S.Ct. 816, 88 L.Ed.2d 789 (1986) (after a dismissal under the STA. "Nevertheless the judge has discretion to decide whether the prosecution will be barred"); *United States v. Hastings* 847 F.2d 920, 924 (1st Cir.1988); *United States v. Correia*, 531 F.2d 1095 (1976) ("the period of limitations not having been expired, the dismissal not having been ordered on constitutional grounds, the defendant not having put in jeopardy, there is no barrier to the government's re-indicting the defendant.")