FILED
United States Court of Appeals
Tenth Circuit

**December 14, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AUTUMN LEAVES SEALS,

Defendant-Appellant.

No. 10-4192
(D.C. No. 2:09-CR-00232-TS-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Autumn Seals seeks reversal of his conviction because, he says, the proceedings against him ran afoul the Speedy Trial Act. The difficulty is that Mr. Seals failed to preserve the particular argument he seeks to raise on appeal. Under these circumstances, the Act and our precedent require us to affirm.

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Speedy Trial Act requires a criminal trial to commence within seventy days of (the later of) indictment or arraignment. 18 U.S.C. § 3161(c)(1). But the Act also contains "a long and detailed list of periods of delay that are excluded in computing the time within which the trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006). After factoring in these exclusions, both Mr. Seals and the government agree that, from the moment Mr. Seals was first arraigned until February 10, 2010, sixty-three speedy trial days had passed and all was fine for speedy trial purposes.

The trouble began on February 9, nine days before the scheduled trial, when Mr. Seals filed a notice of intent to present an alibi witness. Then, the next day a grand jury returned a superseding indictment against Mr. Seals, adding a new count against him (of being a felon in possession of a destructive device, on top of the original charge of possession of an unregistered destructive device). These two events persuaded the district court to continue the trial until June 14, 2010. The court excluded the interim time from the speedy trial clock on the grounds that the exclusion was necessary to serve the "ends of justice." 18 U.S.C. § 3161(h)(7)(A). In support of its decision, the court explained that the government would need more time to prepare a response to the alibi defense, and that the new charge in the superseding indictment would necessitate the provision of additional discovery materials to Mr. Seals.

In this appeal, Mr. Seals argues that the district court abused its discretion in granting the continuance without counting the elapsed time against the Speedy Trial Act clock. He argues that the new charge against him and the introduction of an alibi witness didn't materially change the complexion of the case and didn't justify so long a delay. The district court's findings otherwise were, he says, inadequate under *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). And because the district court's findings were insufficient to trigger an ends-of-justice delay, the Speedy Trial clock continued to run and expired long before his trial in June.

The problem for Mr. Seals is that he never adequately presented this argument to the district court. True, Mr. Seals did file a pre-trial motion to dismiss the indictment for non-compliance with the Speedy Trial Act. But this motion raised only a separate and discrete issue: he argued that his arraignment on February 23 under the superseding indictment started a new speedy trial clock running, and for this reason the February 10 continuance did not exclude the time after that date. Mr. Seals's counsel made clear that his motion was limited to this "quite narrow" issue, and at a hearing he even conceded to the district court that the district court's ends-of-justice factual findings "according to the Tooms [sic] case would be sufficient." Although Mr. Seals later filed a memorandum that arguably sought to raise a *Toombs* argument as a second and separate question for

the court to resolve, by then it was too little, too late. The entirety of his *Toombs* argument was this:

> Second, is the 111 day continuance justified when the new charge requires very minimal addition [sic] proof. The only difference between the second charge is the felony conviction. Even the Alibi witness information does not require a lot of investigation by the government. The 111 days seems to be a long time when a defendant has been in custody since.

An argument so fleeting, made so late in the proceedings, and so bereft of legal citation or factual development is insufficient to present it for a court's decision, especially when counsel has already expressly disclaimed the very same point in prior communications with the court. *See, e.g., United States v. Banks*, 451 F.3d 721, 727-28 (10th Cir. 2006). Unsurprisingly, when the court issued its order denying Mr. Seals's motion it addressed and rejected only his "new speedy trial clock" argument and didn't perceive any other issue before the court. And, notably, Mr. Seals did nothing at this stage to indicate to the court that it wished a ruling on the *Toombs* question.

The upshot is that Mr. Seals waived in the district court the argument he now seeks to pursue on appeal. The Speedy Trial Act states that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). We have interpreted this language to mean that we may

not conduct any review of Speedy Trial Act arguments unraised below, not even for plain error. *United States v. Gomez*, 67 F.3d 1515, 1519-20 (10th Cir. 1995).

A possible wrinkle (though not one raised by Mr. Seals) is that the statute requires only that the defendant "move for dismissal prior to trial" to preserve review and says nothing about preserving *particular* objections. But we have no difficulty concluding that not only must the defendant seek dismissal prior to trial, but he must do so *for the reasons* he seeks to press on appeal. *See United States v. O'Connor*, 656 F.3d 630, 637-38 (7th Cir. 2011). This, of course, comports with ordinary principles of waiver and forfeiture, *see Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.*, 100 F.3d 792, 798–99 (10th Cir. 1996), against which we presume Congress legislated. It is also supported by the statute itself. The Speedy Trial Act expressly places the burden on the defendant (with one exception not at issue here) to establish a violation of the Act. 18 U.S.C. § 3162(a)(2). Congress placed the burden there both because defendants have "the greatest incentive" to identify violations of the Act and to prevent the "gamesmanship" of presenting grounds for dismissal of the indictment only if trial appears to be going poorly. *Zedener*, 547 U.S. at 502-03. As the Seventh Circuit has aptly put it, "[i]f filing a motion to dismiss were enough to preserve all violations of the Act — whether identified in the motion or not — then the district court or the government, rather than the defendant, would

effectively bear the burden of 'spotting violations,'" contrary to the statutory

scheme.  *O'Connor*, 656 F.3d at 638 (quoting *Zedner*, 547 U.S. at 502).[1]


Entered for the Court


Neil M. Gorsuch
Circuit Judge

---

[1]  Another possible basis for affirming here, though one on which we need not rely given our discussion above, concerns the record on appeal.  The record Mr. Seals initially presented to us, through his counsel, was inadequate under 10th Cir. R. P. 10.3.  It failed to include the transcript of the pre-trial hearing where the issue was addressed, the government's brief on the issue below, and even the very order he now challenges in which the district court excluded time from the Speedy Trial Act clock.  Mr. Seals sought to supplement the record only after the government's brief pointed out the deficiencies.  We have previously warned that "[a]n appellant who provides an inadequate record does so at his peril," *Dikeman v. Nat'l Educators, Inc.*, 81 F.3d 949, 955 (10th Cir. 1996), and have dismissed cases when the appellant provides the relevant material only in a belated motion to supplement, *see*, *e.g.*, *Allan v. Springville City*, 388 F.3d 1331, 1334 (10th Cir. 2004).