RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0070p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 16-1009

JIMMIE EUGENE WHITE, II,

*Defendant-Appellant.*

───────────────

On Remand from the Supreme Court of the United States.

United States District Court for the Eastern District of Michigan at Detroit.
No. 2:13-cr-20423—David M. Lawson, District Judge.

Reargued:  October 18, 2018

Decided and Filed:  April 10, 2019

Before:  GUY, CLAY, and GRIFFIN, Circuit Judges.

───────────────

## COUNSEL

**REARGUED:**  Christian D. Sheehan, VINSON & ELKINS LLP, Washington, D.C., for Appellant.  Andrew Goetz, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.  **ON SUPPLEMENTAL BRIEF:**  Christian D. Sheehan, Jeremy C. Marwell, VINSON & ELKINS LLP, Washington, D.C., Kenneth P. Tableman, KENNETH P. TABLEMAN, P.C., Grand Rapids, Michigan, for Appellant.  Andrew Goetz, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

GRIFFIN, J. delivered the opinion of the court except with regard to the issue discussed in Section III.B, and delivered a separate opinion with regard to the issue discussed in Section III.B.  GUY, J. (pp. 13–14), delivered a separate opinion concurring in the majority opinion and in the judgment.  CLAY, J. (pp. 15–23), delivered a separate opinion concurring in the majority opinion in part and dissenting in part.

———————————

**OPINION**

———————————

GRIFFIN, Circuit Judge.

Following our circuit's binding precedent, we previously held in this case that preindictment plea negotiations are "period[s] of delay resulting from other proceedings concerning the defendant" that are automatically excludable under 18 U.S.C. § 3161(h)(1) of the Speedy Trial Act. *United States v. White*, 679 F. App'x 426, 431 (6th Cir. 2017) (citing *United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated and remanded on other grounds*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609–10 (6th Cir. 1987) (per curiam)). Defendant challenged this precedent for the first time in his petition for a writ of certiorari as inconsistent with the Supreme Court's intervening decision in *Bloate v. United States*, 559 U.S. 196 (2010). Petition for Writ of Certiorari at 22–23, *White v. United States*, 138 S. Ct. 641 (2018) (No. 17-270). The government then changed horses in midstream, conceding—also for the first time before the Supreme Court—that our circuit precedent was incorrect and inconsistent with *Bloate*, and that the roughly two-week continuance to engage in preindictment plea negotiations here did not qualify for automatic exclusion under § 3161(h)(1). Response to Petition for Writ of Certiorari at 8–11, *White v. United States*, 138 S. Ct. 641 (2018) (No. 17-270). The Supreme Court granted certiorari, vacated our judgment, and remanded the case back to us "for further consideration in light of the confession of error by the Solicitor General." *White v. United States*, 138 S. Ct. 641, 641 (2018).

On remand, we now hold that *Bloate* abrogated *Dunbar* and *Bowers*. Nevertheless, we deny defendant relief for two independent reasons. First, he cannot overcome plain-error review of his *Bloate* argument. Second, and alternatively, the time for preindictment plea negotiations was properly excluded as an ends-of-justice continuance under § 3161(h)(7) of the Speedy Trial Act. Therefore, we again affirm the judgment of the district court.

## I.

Our prior opinion sets forth the facts pertinent to this remand:

On April 29, 2013, the government filed a complaint against White charging him with drug distribution and firearm crimes related to the May 14, 2010, search and seizure. White was arrested on those charges, and an order of temporary detention was entered, on May 2, 2013. He made his initial appearance the next day and was released on bond.

After his arrest, the parties engaged in preindictment plea negotiations. To that end, they filed a stipulation with the district court on May 17, 2013, agreeing to adjourn White's preliminary hearing and exclude the time between May 23, 2013, and June 7, 2013, from White's Speedy Trial Act clock. Plea negotiations were not successful, and a grand jury indicted White on June 4, 2013.

*White*, 679 F. App'x at 429. Including those days expressly excluded by the court, thirty-three days passed between White's arrest and indictment.

While he filed a bevy of motions before the district court, pertinent to our inquiry is only White's pretrial motion to dismiss the indictment because the government violated his speedy trial rights. Defendant's motion simply announced that the government failed to indict him within thirty days of his arrest in violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, but substantively argued only his rights under the Speedy Trial Clause of the Sixth Amendment to the Constitution, U.S. CONST. amend. VI. The district court held a hearing on the motion to dismiss, denied it, a jury convicted White of multiple crimes, and the district court sentenced him to 84 months in prison. We affirmed his conviction and sentence, rejecting his claim the district court erred in denying his motion to dismiss the indictment for violations of the Speedy Trial Act and the Sixth Amendment's Speedy Trial Clause. *See White*, 679 F. App'x at 430–33. Following remand from the Supreme Court, we give a fresh look to this issue.

## II.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. The Speedy Trial Act strengthens this constitutional mandate by establishing time limits for completing the various stages of a federal criminal prosecution. 18 U.S.C. §§ 3161–3174. Among these limits is an obligation that

the government file an indictment within thirty days of arresting a defendant, excepting the time spent on certain events that can be automatically excluded from that calculation and for other events if sufficient reasons are given by the district court.  18 U.S.C. § 3161(b), (h).  We typically review de novo the district court's interpretation of the Speedy Trial Act and its factual findings for clear error.  *United States v. Anderson*, 695 F.3d 390, 396 (6th Cir. 2012).  And "[w]e review the district court's decision to grant an ends-of-justice continuance under an abuse-of-discretion standard."  *United States v. Williams*, 753 F.3d 626, 635 (6th Cir. 2014).

The issue on remand is whether the fourteen days spent on preindictment plea negotiations are excludable under that Act.  White argues that our precedent holding that preindictment plea negotiations are automatically excludable under § 3161(h)(1) no longer passes muster after the Supreme Court's *Bloate* decision.  The government counters that this court should affirm the district court because (1) White forfeited the argument that *Bloate* precludes automatic exclusion of preindictment plea negotiations and cannot show plain error, and (2) even if preindictment plea negotiations are not automatically excludable under § 3161(h)(1), that time was excludable as an ends-of-justice continuance pursuant to § 3161(h)(7).  We address these arguments in turn.

III.

A.

We first hold that *Bloate* abrogated our prior decisions concluding that preindictment plea negotiations are automatically excludable under the Act.

Section 3161(h)(1) provides for the automatic exclusion of "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" eight enumerated subcategories.  One of those categories expressly excludes the time "resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."  § 3161(h)(1)(G).  Based primarily on that subparagraph and the "including but not limited to" language, we have long held that time spent on preindictment plea negotiations between the parties is automatically excludable.  *Dunbar*, 357 F.3d at 593; *Bowers*, 834 F.2d at 609–10.  And yet, in *Bloate* the Supreme Court held that the time a court

grants to a party to prepare pretrial motions was not automatically excludable under § 3161(h)(1), notwithstanding § 3161(h)(1)(D)'s express exclusion of the time attributable to "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 559 U.S. at 203–07. The Court held that "because a specific provision . . . controls one of more general application," *id*. at 207 (cleaned up), Congress's express language in subparagraph (h)(1)(D) communicates the decision to make automatically excludable the time for pretrial motions "*only* from the time a motion is filed through the hearing or disposition point specified in the subparagraph, and that other periods of pretrial motion-related delay are excludable only when accompanied by district court findings," *id*. at 206.

Given the above reasoning, the Solicitor General's concession of error in our precedent, and the Supreme Court's order vacating our prior decision and remanding for reconsideration in light of that concession of error, we take this opportunity to revisit our prior precedent. Although it is generally true that one panel cannot overrule the binding precedent of a prior panel, *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017), that rule yields when the prior panel's reasoning has been undercut or abrogated by a decision of the Supreme Court. *See Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720–21 (6th Cir. 2016). And, as we have held, such Supreme Court authority need not be exactly on point, so long as the legal reasoning is directly applicable to the issue at hand. *Id*. at 721; *see also Barr v. Lafon*, 538 F.3d 554, 571 (6th Cir. 2008).

Just as the Supreme Court held that the time a court grants to a party to prepare pretrial motions is not automatically excludable, the same is true for preindictment plea negotiations. The parties now agree on this point. Subparagraph (h)(1)(G) expressly excludes the time attributable to "delay resulting from *consideration by the court* of a proposed plea agreement to be entered into by the defendant and the attorney for the Government." § 3161(h)(1)(G) (emphasis added). This specific provision caps the time to be excluded as beginning at the moment the proposed plea is given to the court for its consideration. Plea *negotiations*, which necessarily occur before a proposed plea agreement comes to fruition, are therefore outside the limited universe contemplated by this subparagraph and may not be automatically excluded. *See*

*United States v. Mathurin*, 690 F.3d 1236, 1241 (11th Cir. 2012) ("According to the Supreme Court, when the category of delay at issue is 'governed by' one of § 3161(h)(1)'s eight subparagraphs, a court must look only to that subparagraph to see if the delay is automatically excludable. In other words, the 'including but not limited to' clause of § 3161(h)(1) does not modify the contents of the enumerated subcategories themselves." (citations omitted)). Thus, applying *Bloate*'s reasoning to this analogous subparagraph, we now hold that (1) *Bloate* abrogated *Dunbar* and *Bowers*, and (2) the time spent on preindictment plea negotiations is not automatically excludable under § 3161(h)(1) of the Speedy Trial Act.

B.

This conclusion, however, does not end our consideration § 3161(h)(1)'s automatic exclusion in this appeal. The government, though accepting that *Bloate* abrogated our precedent, now argues that White has at a minimum forfeited the issue by not raising it before the district court.[1] I agree.

Before the district court, White specifically challenged the excludability of the fifteen-day delay for plea negotiations, and the validity of the stipulation. However, he now presents a new reason why the district court erroneously concluded that the plea-negotiation time was excludable, arguing for the first time on appeal that *Bloate*'s reasoning applied to remove preindictment plea negotiations from the automatic excludability provisions of § 3161(h)(1). This is insufficient to preserve the issue for de novo review on appeal. *See United States v. Huntington Nat. Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("To preserve the argument, then, the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it."); *United States v. Seals*, 450 F. App'x 769, 771 (10th Cir. 2011) (Gorsuch, J.) (declining to review the defendant's new Speedy Trial Act argument because "not

---

[1]The government also argues waiver, which we need not address given our conclusion that White forfeited this issue. But even if we were so inclined to address the argument, it is unlikely that we could hold this issue completely waived in this context, given the Supreme Court's explicit direction that we "further consider[]" this issue "in light of the confession of error by the Solicitor General." *White*, 138 S. Ct. at 641; *see Clark v. Chrysler Corp.*, 436 F.3d 594, 600 (6th Cir. 2006) ("[E]ven though Chrysler initially waived its constitutional claim by failing to raise it in the district court, our earlier decision and the Supreme Court's GVR order indicates that the issue has been preserved, and should be considered further on remand"); *Lawrence v. Chater*, 516 U.S. 163, 168 (1996) ("GVR orders are premised on matters that [the Supreme Court] . . . believe[s] the court below did not fully consider, and . . . *require* only further consideration . . . ." (emphasis added)).

only must the defendant seek dismissal prior to trial, but he must do so *for the reasons* he seeks to press on appeal"); *see also United States v. Loughrin*, 710 F.3d 1111, 1121 (10th Cir. 2013) (citing *Seals* as "persuasive" and declining to consider the defendant's challenge on appeal to an order of continuance he did not challenge in the district court). And generally, an appellant's failure to raise an argument in his appellate brief forfeits that issue on appeal. *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 310–11 (6th Cir. 2005).

Although the Supreme Court's remand order requires this court to "further consider[]" the Speedy Trial Act issue, it does not similarly require us to engage in de novo review or to grant White relief. *Cf. Bloate*, 559 U.S. at 216 (Ginsburg, J., concurring) ("[N]othing in the [Supreme Court's] opinion bars the [circuit court] from considering, on remand, the Government's argument that the indictment, and convictions under it, remain effective"). As White himself acknowledges, forfeiture of a specific Speedy Trial Act claim of error can result in plain-error review, *see, e.g.*, *United States v. Montgomery*, 395 F. App'x 177, 181 n.4, 184 n.7 (6th Cir. 2010), and we see no reason why the Supreme Court's remand order would require otherwise. Thus, we are limited to plain-error consideration of the district court's determination that the preindictment plea-negotiation period was automatically excludable under § 3161(h)(1). *See United States v. Olano*, 507 U.S. 725, 731 (1993) ("Federal Rule of Criminal Procedure 52(b), which governs on appeal from criminal proceedings, provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in district court.").

Plain error is, as it should be, a difficult hurdle to clear. The burden is on White "to show (1) error that (2) was plain, (3) affected [his] substantial rights, and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Ushery*, 785 F.3d 210, 218 (6th Cir. 2015); *see also* Fed. R. Crim. P. 52(b). "An error is 'plain' when, at a minimum, it 'is clear under current law.'" *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (quoting *Olano*, 507 U.S. at 734).

We have noted that "[a] 'circuit split precludes a finding of plain error,' for the split is good evidence that the issue is 'subject to reasonable dispute.'" *Id.* (quoting *United States v. Williams*, 53 F.3d 769, 772 (6th Cir. 1995); *Puckett v. United States*, 556 U.S. 129, 135 (2009)). And we have also explained that "[a] lack of binding case law that answers the question

presented will also preclude our finding of plain error." *Id.* Here, the district court could not have plainly erred because we are in a realm beyond either a circuit split or lack of binding caselaw—at the time of the district court's decision, the binding precedent of this circuit held that the time for preindictment plea negotiations was automatically excludable. *See Dunbar*, 357 F.3d at 593; *Bowers*, 834 F.2d at 609–10.

Although we now overrule those decisions in light of their abrogation by *Bloate*, the analysis supporting that conclusion shows that we had to extend *Bloate*'s reasoning to an analogous, but different, section of the Speedy Trial Act. *See, supra,* Section III.A. Our decision today shows that it took no great inferential leap to apply *Bloate* in this instance, but it still required both an extension of *Bloate*'s reasoning and the overruling of two of our published decisions. We cannot fault a district court for following our binding caselaw, as it was required to do. *Cf. Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower courts] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). Thus, White cannot show that the district court committed plain error in denying his motion to dismiss on Speedy Trial Act grounds.

IV.

Finally, we turn to the government's alternate argument—that the district court's order granting the parties' stipulation to exclude the preindictment-plea-negotiation period from Speedy Trial Act calculations satisfied the requirements for an ends-of-justice continuance under the Act. We agree and hold this to be adequate alternative grounds for affirmance.

Regardless of whether a period of time is automatically excludable, the Speedy Trial Act allows for a continuance whenever the judge finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This is a common ground for excluding time and the Supreme Court has noted that ends-of-justice continuances furnish "[m]uch of the Act's flexibility." *Zedner v. United States*, 547 U.S. 489, 498 (2006).

To exclude time under this exception, the court must consider certain factors, such as whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i); whether due to the nature of the case (or other factors), the case is too complex to reasonably expect adequate preparation within the Act's time limits, § 3161(h)(7)(B)(ii); or whether a refusal to continue the case would deny the defendant "reasonable time to obtain counsel," or would unreasonably deny either party time for "effective preparation," § 3161(h)(7)(B)(iv).  Notably, the list of enumerated factors is not exhaustive, § 3161(h)(7)(B) ("The factors, *among others*, which a judge shall consider . . . ."  (emphasis added)), but preindictment plea negotiations are not expressly included.  *See* § 3161(h)(7)(B)(i)–(iv).

The Supreme Court has held that other types of delay that are not excludable under subsection (h)(1) are excludable under the more flexible framework of subsection (h)(7).  *See Bloate*, 559 U.S. at 214 (holding that the time spent to prepare pretrial motions, while not excludable under subsection (h)(1), is excludable under subsection (h)(7)).  And a number of our sister circuits have concluded that time spent negotiating preindictment plea agreements can be excluded under subsection (h)(7)'s ends-of-justice exclusion.  *See Mathurin*, 690 F.3d at 1241–42; *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) (Alito, J.); *United States v. Williams*, 12 F.3d 452, 460 (5th Cir. 1994), *abrogated on other grounds by United States v. Wells*, 519 U.S. 482, 492 (1997).  We agree, and hold that the time spent on preindictment plea negotiations may be excludable under subsection (h)(7).[2]  A conclusion to the contrary would pervert the Speedy Trial Act and ignore the central importance that the plea bargaining process has in our modern system of criminal justice—"[i]t is not some adjunct to the criminal justice system; it *is* the criminal justice system."  *Missouri v. Frye*, 566 U.S. 134, 144 (2012) (internal quotation marks omitted); *see also Lafler v. Cooper*, 566 U.S. 156, 170 (2012) ("[C]riminal justice today is for the most part a system of pleas, not a system of trials.").

---

[2]This conclusion does not suffer from the same defect that our prior caselaw on automatic exclusions did—there is no subpart of § 3161(h)(7) that speaks narrowly to plea agreements or plea negotiations, so we are not foreclosed from permitting plea negotiations as a reasonable basis for an ends-of-justice continuance.  *Cf. Bloate*, 559 U.S. at 208–09 (holding that though "the list of categories [in § 3161(h)(1)] is illustrative rather than exhaustive in no way undermines our conclusion that a delay that falls *within* the category of delay addressed by [a] subparagraph . . . is governed by the limits in that subparagraph").  Because none of the subparagraphs of § 3161(h)(7) address pleas at all, we are not similarly constrained here.

Therefore, because the time spent on pretrial plea negotiations may be excludable under subsection (h)(7), we must determine whether the magistrate judge's order provided sufficient explanation for the continuance, as required by the Act. Subsection 3161(h)(7) requires a district court to "show its work," before granting an ends-of-justice continuance:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.* "[T]he Act requires express findings" when granting an ends-of-justice continuance, and "without on-the-record findings, there can be no exclusion" pursuant to § 3161(h)(7). *See Zedner*, 547 U.S. at 506–07.[3] The public interest in a speedy trial is also protected by the Act, so a defendant's agreement to waive its protections cannot, by itself, justify an ends-of-justice continuance. *See id.* at 500–01 (finding that a defendant cannot prospectively waive or "opt out of the Act" meant to balance the defendant's and the government's interests against those of the public); *see also Bloate*, 559 U.S. at 211–12 (noting that a defendant may not opt out of the Act even if he believes it would be in his interest because the Act also "vindicate[s] the public interest in the swift administration of justice").

Given its unique structure and appearance, it is important to discuss exactly what the combined stipulation and order granting the continuance said in this case. The first two pages of the court's filed order was nothing more than the parties' stipulation. There, the parties provided that "the period from May 23, 2013, to June 7, 2013, should be excluded from computing the time within which an information or indictment must be filed because the parties are engaged in plea negotiations, 18 U.S.C. § 3161(h)(1), and because the ends of justice served by such continuance outweigh the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)." The third page of the court's order began by noting that the "matter [came] before the court on the stipulation of the parties" and provided, simply, that "the period from May 23, 2013, to the new date of the preliminary hearing, June 7, 2013, should be excluded

---

[3]The *Zedner* Court, interpreting an older version of the Act, refers to the pertinent section as § 3161(h)(8). In a 2008 amendment, this subsection was redesignated as (h)(7). Pub. L. No. 110–406 § 13(3) (2008). The text and substance of the statutory subsection did not change.

in calculating the time within which the defendant shall be indicted under the Speedy Trial Act. 18 U.S.C. § 3161."

This order sufficiently supports an ends-of-justice exclusion under § 3161(h)(7). First, the order clearly incorporates the parties' two-page stipulation, both by attachment and reference. In the past we've upheld a continuance when the reasons for it are clear from the context or record. *United States v. Richardson*, 681 F.3d 736, 741 (6th Cir. 2012) ("[G]iven the context, the record clearly establishes that a continuance serves the ends of justice."). That the magistrate attached the parties' stipulation to its order only bolsters the conclusion that the parties' proposed justifications for the continuance found their way into the magistrate's determination. Thus, we agree with the district court and the government that the magistrate adopted the parties' stipulation as part of its own reasoning in support of the roughly two-week continuance.

Second, the contents of the order are sufficient to support the continuance. We have previously affirmed a district court's ends-of-justice continuance when it simply held that "the ends of justice served outweigh the best interest of the public and the defendant in a speedy trial." *Anderson*, 695 F.3d at 397. Given the context surrounding the issue in *Anderson*—the judge was considering a motion to suppress for some, but not all, of the period for which the continuance was granted—this court held that the defendant's challenge to the district court's ends-of-justice continuance was meritless. *Id*. at 397–98. In a similar vein, here, the magistrate's order and the surrounding context support the continuance. As noted above, time for preindictment plea negotiations may be excluded under subsection (h)(7) as a valid ends-of-justice exception to the Act's strict deadlines. Given the relatively short continuance requested—only approximately two weeks' time—the magistrate did not err in concluding that the parties' efforts to come to a mutually agreeable plea agreement "outweigh[ed] the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). And the fact that the magistrate's order did not explicitly say "ends of justice" poses no alternate barrier to this conclusion. "An ends-of-justice continuance can be found even when a delay is not designated as such by the court." *United States v. Stone*, 461 F. App'x 461, 466 (6th Cir. 2012) (citing *United States v. Spring*, 80 F.3d 1450, 1457 (10th Cir. 1996)). The Act does not require such "magic words." *United States v. Breen*, 243 F.3d 591, 597 (2d Cir. 2001).

Finally, despite White's arguments to the contrary, this case is distinguishable from *Zedner* because it does not present the sort of wide-ranging and open-ended error that the *Zedner* Court sought to remedy. There, the Court was faced with an open-ended stipulation, which prevented the defendant from raising any Speedy Trial Act issues "for all time." *Zedner*, 547 U.S. at 494. This universal Speedy Trial Act waiver ultimately led to *over seven years* passing from the defendant's indictment to his trial. *Id.* at 496. Unlike the "waiver for all time" and for all reasons in *Zedner*, *id.* at 493–94, here the magistrate accepted a mere two-week exclusion of time for the express purpose of preindictment plea negotiations.

Sure, an order more fully explaining the magistrate's reasoning would have been well taken by this court, but we cannot forget that the Act does not require a novella of explanation. *See Anderson*, 695 F.3d at 397. The magistrate's succinct and plain statement here, when combined with the parties' attached stipulation, granted a short and definite continuance (approximately two weeks), for a permissible reason (preindictment plea negotiations), after expressly considering the three-pronged interests relevant to the Act (the interests of defendant, the government, and the public). In short, we cannot, under these facts and given the surrounding context, find that the magistrate judge abused his discretion in granting an ends-of-justice continuance. *Williams*, 753 F.3d at 635.

V.

We affirm the judgment of the district court.

---

### CONCURRING IN PART AND IN THE JUDGMENT

---

RALPH B. GUY, JR., Circuit Judge.  I concur in the judgment and concur with Judge Griffin's opinion, except as to part III.B.  In my view, White did not forfeit his argument about 18 U.S.C. § 3161(h)(1) because I fail to see when he was required to raise the argument.

Consider the order of events.  Fourteen days after White was arrested, his court-appointed attorney signed the stipulation at issue in this case.  The magistrate judge entered the order the next day.  A few weeks later, White filed a pro se motion to dismiss the indictment due to a Speedy Trial Act violation and also moved for a new attorney.  The court allowed White to hire a new attorney, denied the pro se motion without prejudice, and invited the new attorney to file a new motion.  The new attorney did file a new motion under the Speedy Trial Act and the government filed a response.  White declined to file a reply.  The court held a hearing and ultimately denied the motion in a written order.

Then consider the content of the briefs.  The pro se motion simply pointed out § 3161(b)'s 30-day deadline, while making no reference to the stipulation or the order finding excludable delay.  The subsequent attorney-drafted motion was more specific, but it observed only that 33 calendar days elapsed and concluded that there was necessarily a violation of § 3161(b).  It too failed to mention the stipulation and order.  The government finally brought up the order in its response brief, but with little elaboration.  The government merely observed that "the parties agreed, and the court ordered, that the period of delay from May 23, 2013, through June 4, 2013 (in fact June 7, 2013) was excludable delay under the [Speedy Trial Act]."  It did not, however, identify how the Speedy Trial Act enabled this exclusion—whether through § 3161(h)(1), (h)(7), or some other means.  In all, no brief mentioned automatic exclusion or § 3161(h)(1).

Automatic exclusion never came up at the hearing either.  The government never mentioned it and argument about the Speedy Trial Act focused exclusively on the validity of the

stipulation. White's new attorney recounted how the old attorney had signed the stipulation and explained:

> If that extension is effective to the Defendant, then that would be credited against him; the issue would be moot, he would lose. His claim is that he did not agree to that, had no knowledge of it, that that extension was taking place. . . . Our argument is very simple: He didn't agree to it.

Ultimately, the district court found that the stipulation was valid and that finding has never been at issue on appeal.

White did not raise the automatic-exclusion issue, but it was not his issue to raise. White did what the Speedy Trial Act requires: he provided proof of a violation (a list of the dates) and moved for dismissal. *See* 18 U.S.C. § 3162(a)(1). The government was then required to prove, by a preponderance of the evidence, that sufficient time was excluded. *See United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996). It did so by merely pointing to the magistrate judge's order. Notably, though, § 3161(h)(1)—when it does apply—does not require a judicial finding; it is automatic. *See Bloate v. United States*, 559 U.S. 196, 203 (2010); *Henderson v. United States*, 476 U.S. 321, 327, 332 (1986). If the government had argued that even without the order, the time was automatically excluded under § 3161(h)(1), it would have behooved White to raise a *Bloate*-based challenge in a reply brief—but the government did not raise that argument. White therefore had no obligation to argue why the unmentioned provision did not apply to him.

Ultimately, the waiver of the § 3161(h)(1) argument—whether by White or the government—is inconsequential. All now agree that under *Bloate*, § 3161(h)(1) does not apply here, which leaves us with the matter actually considered and relied upon by the district court: exclusion under § 3161(h)(7). I agree that under the circumstances the magistrate judge's order, which was explicitly premised on the parties' stipulation, satisfied the requirement of an on-the-record finding for an ends-of-justice continuance. I therefore concur in the judgment.

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

CLAY, Circuit Judge, concurring in part and dissenting in part. This case comes before us pursuant to a grant, vacate, and remand order ("GVR") from the Supreme Court. All that remains at issue is whether the district court properly excluded a period of two weeks when determining whether Defendant was indicted more than thirty days after his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). During that two-week period, Defendant was engaged in plea negotiations with the government. The majority holds (1) that time spent in plea negotiations is not automatically excludable under 18 U.S.C. § 3161(h)(1), and (2) that Defendant nevertheless is not entitled to relief either because he forfeited that argument, or, alternatively, because his time spent in plea negotiations was properly excluded under 18 U.S.C. § 3161(h)(7). I concur in the majority's first holding, set out in Section III.A. However, I respectfully dissent from the majority's second holding because the majority's reasoning is inconsistent with Supreme Court and Sixth Circuit precedent.

**I. Background**

The relevant facts are straightforward. On May 14, 2010, federal law enforcement agents executed a search warrant at Defendant's home and found drugs and a firearm. *See United States v. White*, 679 F. App'x 426, 428–30 (6th Cir. 2017). On April 29, 2013, the government filed a criminal complaint against Defendant in connection with that search. *Id.* And on May 2, 2013, Defendant was arrested in connection with that complaint. *Id.*

After his arrest, Defendant engaged in plea negotiations with the government. *Id.* To that end, on May 16, 2013, Defendant and the government filed a joint stipulation with the district court, stating in part that:

> [T]he period from May 23, 2013 to June 7, 2013, should be excluded from computing the time within which an information or indictment must be filed because the parties are engaged in plea negotiations, 18 U.S.C. § 3161(h)(1), and because the ends of justice served by such continuance outweigh the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

(RE 12, PageID # 30–31.)  On May 17, 2013, a magistrate judge issued an order stating in part that:

> This matter coming before the court on the stipulation of the parties, it is hereby . . . ORDERED that the period from May 23, 2013, to the new date of the preliminary hearing, June 7, 2013 should be excluded in calculating the time within which the defendant shall be indicted under the Speedy Trial Act. 18 U.S.C. § 3161.

(*Id.* at PageID # 32.)  And on June 4, 2013, Defendant was indicted for various drug and firearm offenses, of which he was later convicted.  *White*, 679 F. App'x at 428–30.

The relevant procedural history is less straightforward, but no less significant.  As his case progressed, Defendant filed a motion to dismiss the indictment, alleging that the government had indicted him more than thirty days after his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b).  In response, the government argued that Defendant had agreed that the time Defendant spent in plea negotiations would be excluded, and that taking that excluded time into account, Defendant was permissibly indicted twenty days after his arrest.  The district court agreed with the government and denied Defendant's motion, reasoning that the time Defendant spent in plea negotiations was excludable under 18 U.S.C. § 3161(h)(7) because Defendant and the government "agreed that the time period should be [excluded]."  (RE 42, PageID # 143–44.)

Defendant appealed, arguing that neither the magistrate judge nor the district court had made the statutorily mandated findings necessary to exclude the time Defendant spent in plea negotiations under § 3161(h)(7).  In response, the government argued both that the magistrate judge and the district court had made the statutorily mandated findings, *and*, for the first time, that Defendant's time spent in plea negotiations was *also* automatically excludable under 18 U.S.C. § 3161(h)(1).  In reply, Defendant addressed the government's new argument, countering that "section 3161(h)(1) only mentions the exclusion of time for the *district court* to consider a plea agreement.  It says nothing about *plea negotiations*. . . [and] it is consistent with the purposes of the [Speedy Trial] Act to interpret the exclusion of delay due to 'other proceedings' in section (h)(1) to apply only to other proceedings like those described in the section."  (Initial Reply Brief for Appellant at 2–3) (emphasis added).  We agreed with the

government's new argument and affirmed the denial of Defendant's motion, reasoning that time spent in plea negotiations is "automatically excludable under § 3161(h)(1)" because "[a]lthough the plea bargaining process is not expressly specified in § 3161(h)(1)['s] [subparagraphs], the listed proceedings are only examples . . . and are not intended to be exclusive." *White*, 679 F. App'x at 430–31.

Defendant filed a petition for certiorari with the Supreme Court. In his petition, Defendant maintained that time spent in plea negotiations is not automatically excludable under § 3161(h)(1), and cited the Supreme Court's decision in *Bloate v. United States*, 559 U.S. 196 (2010). The government then abandoned the position it had taken before this Court on direct appeal, and agreed with Defendant. Accordingly, the Supreme Court issued a GVR directing us to further consider this case in light of the government's confession of error. On remand, Defendant continues to argue that time spent in plea negotiations is not automatically excludable under § 3161(h)(1) pursuant to *Bloate*. The government continues to agree, but now argues that Defendant is nevertheless not entitled to relief because he waived and forfeited that argument, or, alternatively, because his time spent in plea negotiations was properly excluded under § 3161(h)(7).

## II.  18 U.S.C. § 3161(h)(1)[1]

I concur in the majority's holding that time spent in plea negotiations is not automatically excludable under 18 U.S.C. § 3161(h)(1). The Supreme Court's decision in *Bloate* abrogated this Court's contrary decisions in *United States v. Dunbar*, 357 F.3d 582 (6th Cir. 2004) and *United States v. Bowers*, 834 F.2d 607 (6th Cir. 1987).

## III.  Forfeiture

Judge Griffin, writing for himself, holds that Defendant is not entitled to relief because he forfeited his § 3161(h)(1) argument by failing to make it before the district court or in his initial

---

[1]18 U.S.C. § 3161(h)(1) provides, in relevant part: "The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed[:] . . . Any period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."

opening brief to this Court, and that as a result, we are limited to plain error review.  For several reasons, this holding is unpersuasive.

First, it is the government that forfeited *its* § 3161(h)(1) argument by failing to make it before the district court.  This Court has held that once a defendant makes a "prima facie" showing of a violation—"a simple matter of producing a calendar" and showing that more than the allowed amount of time has passed, *United States v. Sherer*, 770 F.3d 407, 411 (6th Cir. 2014)—"the government bears the burden of proving sufficient excludable time by a preponderance of the evidence." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009); *see also United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007).  Yet, faced with Defendant's showing that he was indicted more than thirty days after his arrest, the government never argued that the time Defendant spent in plea negotiations was automatically excludable under § 3161(h)(1).  And the United States, like all litigants, forfeits arguments not raised before the district court.  *Cradler v. United States*, 891 F.3d 659, 666 (6th Cir. 2018).  I concur with Judge Guy's opinion on this point.  *See* Con. Op. at 14 ("White did not raise the automatic-exclusion issue, but it was not his issue to raise.").

Second, and relatedly, even if the government did *not* bear the burden of proving sufficient excludable time, because neither party argued that the time Defendant spent in plea negotiations was automatically excludable under § 3161(h)(1), the district court did not address or analyze § 3161(h)(1) in its denial of Defendant's motion.  Rather, the district court addressed and analyzed only § 3161(h)(7).[2]  Accordingly, when the government made its § 3161(h)(1)

---

[2]Though the district court's written denial of Defendant's motion cited neither § 3161(h)(1) nor § 3161(h)(7), the district court's statements at the hearing on Defendant's motion demonstrate that it denied Defendant's motion pursuant to § 3161(h)(7).  The district court reasoned that the joint stipulation stated that "the ends of justice served by the continuance outweigh the interest of the public and the Defendant in a speedy trial, which [are] the magic words . . . that we're familiar with." (RE 88, PageID # 624.) The district court also reasoned that "[t]he [magistrate judge's] order was based in some measure on [the] stipulation, but [was] also based on the independent finding of a judicial officer, as it must be under the Speedy Trial Act. . . . The magistrate judge made a finding and I can rely on that. . . . So that's my ruling on that."  (*Id.* at PageID # 631–33.) Such magic words and independent findings are relevant only to § 3161(h)(7). *Compare United States v. Brown*, 819 F.3d 800, 822 (6th Cir. 2016) ("[I]n order to grant an ends of justice continuance based on the considerations articulated under [§ 3161(h)(7)], the district court was required to set forth on-the-record findings, orally or in writing, that the ends of justice served by the continuance outweighed the interests of [the defendant] and society in a speedy trial.") *with United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989) ("The exclusion is automatic if it falls within one of the [§ 3161(h)(1)] exceptions.").

argument on appeal, it was as an alternative basis for affirmance. And this Court has held that in such situations, the appellant forfeits its argument in response only if it fails to make that argument in its reply brief. *See Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723, 729 (6th Cir. 2012) ("[The appellant] would not have been on notice that it needed to address in its initial brief an issue not even discussed by the district court. Consequently, there is no [forfeiture], and we find that [the appellant] properly responded [in its reply brief] to the alternative basis for affirmance raised on appeal . . . ."); *see also Golden Living Center-Frankfort v. Sec'y of Health & Human Servs.*, 656 F.3d 421, 42 (6th Cir. 2011). In his initial reply brief, Defendant properly responded to the government's argument, countering that "section 3161(h)(1) only mentions the exclusion of time for the *district court* to consider a plea agreement. It says nothing about *plea negotiations*. . . [and] it is consistent with the purposes of the [Speedy Trial] Act to interpret the exclusion of delay due to 'other proceedings' in section (h)(1) to apply only to other proceedings like those described in the section." (Initial Reply Brief for Appellant at 2–3) (emphasis added).[3]

Third, even if Defendant *did* forfeit his § 3161(h)(1) argument, that forfeiture was cured by subsequent proceedings in this Court and the Supreme Court. This Court's decision in *Clark v. Chrysler Corp.*, 436 F.3d 594 (6th Cir. 2006) is instructive.[4] In *Clark*, the defendant failed to

---

[3]*Accord* Maj. Op. at 5 ("Subparagraph (h)(1)(G) expressly excludes the time attributable to 'delay resulting from *consideration by the court* of a proposed plea agreement to be entered into by the defendant and the attorney for the government.' . . . Plea *negotiations*, which necessarily occur before a proposed plea agreement comes to fruition, are therefore outside the limited universe contemplated by this subparagraph and may not be automatically excluded.").

[4]Judge Griffin, writing for himself, acknowledges the persuasiveness of *Clark*, but erroneously limits its discussion of *Clark* to its analysis of waiver. "The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 57 U.S. 725, 733 (1993); *see also Lucaj v. Fed. Bureau of Investigation*, 852 F.3d 541, 547 n.4 (6th Cir. 2017). Accordingly, a defendant *waives* an argument by, for instance, withdrawing a motion or objection, *see United States v. Collins*, 683 F.3d 697, 701 (6th Cir. 2012), stating that a proposition is not disputed, *see United States v. Walker*, 615 F.3d 728, 733 (6th Cir. 2010), or stating that they are not pressing an argument. *See United States v. Tasis*, 696 F.3d 623, 625–26 (6th Cir. 2012). In contrast, a defendant *forfeits* an argument by, for instance, failing to make it before the district court, *see Pittman v. Experian Information Sols, Inc.*, 901 F.3d 619, 630 n.6 (6th Cir. 2018), failing to make it in its opening appellate brief, *see Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 521–22 (6th Cir. 2014), or identifying it without pressing it. *See Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 677 (6th Cir. 2018). Significantly, in *Clark*, the defendant failed to raise the argument at issue in its post-trial motions before the district court. 436 F.3d at 598. Thus, while this Court used the term "waiver," it was more accurately referring to forfeiture, *see Pittman*, 901 F.3d at 630 n.6, and as a result, *Clark* is applicable to this forfeiture analysis.

argue before the district court that the verdict against it was unconstitutionally excessive. 436 F.3d at 599. Accordingly, Chrysler forfeited that argument. Yet despite that forfeiture, this Court addressed the issue on appeal and held that the verdict was not unconstitutionally excessive. *Id.* Chrysler appealed, and the Supreme Court issued a GVR, instructing this Court to reconsider the case in light of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). *Id.* On remand, this Court held that its addressing the issue on direct appeal—despite the forfeiture—preserved the issue for Supreme Court review, and that the Supreme Court's GVR— despite the forfeiture—preserved the issue for reconsideration. *Id.* at 599–600. "[E]ven though [t]he defendant initially [forfeited] [its] challenge by failing to raise it in its post-trial motions before the district court, subsequent proceedings in the Sixth Circuit and the Supreme Court preserved the issue for review." *Id.* at 598.

The same is true in this case. Defendant allegedly forfeited his § 3161(h)(1) argument by not making it before the district court. Yet despite that alleged forfeiture, this Court addressed the issue on appeal and held that that time spent in plea negotiations is "automatically excludable under § 3161(h)(1)" because "[a]lthough the plea bargaining process is not expressly specified in § 3161(h)(1)['s] [subparagraphs], the listed proceedings are only examples . . . and are not intended to be exclusive." *White*, 679 F. App'x at 430–31. Defendant appealed, and the Supreme Court issued a GVR in light of the government's confession of error. Thus, as in *Clark*, subsequent proceedings before this Court and before the Supreme Court cured Defendant's forfeiture. *See Stutson v. United States*, 516 U.S. 193, 197 (1996) ("[A] GVR order promotes fairness and respects the dignity of the Court of Appeals by enabling it to consider potentially relevant decisions and arguments that were not previously before it.").[5]

---

[5]Judge Griffin's holding on this issue eliminated any need for him to address waiver. However, because I disagree with that holding, I address waiver as well. The government argues that Defendant waived his § 3161(h)(1) argument pursuant to 18 U.S.C. § 3162(a), which provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." This argument is unpersuasive, as this Court has held that § 3162(a) is satisfied "so long as the defendant brings to the court's attention his belief that his [Speedy Trial Act] rights have been violated." *Brown*, 819 F.3d at 823. In this case, Defendant filed a motion to dismiss the indictment, alleging that the government had indicted him more than thirty days after his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). Thus, Defendant did not waive his § 3161(h)(1) argument.

**IV.  18 U.S.C. § 3161(h)(7)[6]**

The majority holds that the magistrate judge and the district court made the statutorily mandated findings necessary to exclude Defendant's time spent in plea negotiations under 18 U.S.C. § 3161(h)(7).  This holding is also unpersuasive.

By its terms, 18 U.S.C. § 3161(h)(7)(A) permits a court to exclude a period of time by granting an ends-of-justice continuance only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The provision explains that "no such period of delay resulting from a continuance granted by the court . . . shall be excludable under this subsection unless the court sets forth in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*  Section 3161(h)(7)(B) then lists "[t]he factors, among others, which a judge shall consider" in determining whether to grant an ends-of-justice continuance.

Thus, § 3161(h)(7) "is explicit." *Zedner v. United States*, 547 U.S. 489, 507 (2006).  "[W]ithout the on-the-record-findings, there can be no exclusion." *Id.*  "[I]f a judge fails to make the requisite findings regarding the need for the ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed." *Id.* at 508.  In this way, § 3161(h)(7) "gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs." *Id.* at 499.  As the Supreme Court has explained:

> The exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the [Speedy Trial] Act and, in allowing district courts to grant such continuances, Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases.  But it is equally clear that Congress, knowing that the many sound

---

[6]18 U.S.C. § 3161(h)(7) provides, in relevant part:  "The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed[:] . . . Any period of delay resulting from a continuance granted by the judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

grounds for granting ends-of-justice continuances could not be rigidly structured, saw a danger that such continuances could get out of hand and subvert the Act's detailed scheme. The strategy of [§ 3161(h)(7)], then, is to counteract substantive openendedness with procedural strictness. The provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making those findings.

*Id.* at 508–09.

"[T]he Sixth Circuit has placed great emphasis on the need for a district court to comply with this statutory requirement." *Greenup v. United States*, 401 F.3d 758, 764 n.3 (6th Cir. 2005); *see, e.g.*, *United States v. Jordan*, 544 F.3d 656, 665 (6th Cir. 2008) ("We believe that in order to assure that the district court adequately considers whether the ends-of-justice outweigh the public's and defendant's interest in a speedy trial, the district court should also generally hold an adversarial hearing in which both sides participate."). "This Court will not countenance maneuvers aimed at merely paying lip service to the Speedy Trial Act's requirements." *Brown*, 819 F.3d at 815.

In this case, the magistrate judge issued an order stating only that "[t]his matter coming before the court on the stipulation of the parties, it is hereby . . . ORDERED that the period from May 23, 2013, to the new date of the preliminary hearing, June 7, 2013 should be excluded in calculating the time within which the defendant shall be indicted under the Speedy Trial Act. 18 U.S.C. § 3161." (RE 12, Page ID # 32.) The order did not mention the ends of justice or the interest of the defendant and the public in a speedy trial, let alone any reasons for finding that one outweighed the other. Accordingly, the magistrate judge plainly did not comply with § 3161(h)(7), and that should be the end of the matter. *See Zedner*, 547 U.S. at 507.

However, the majority attempts to circumvent this conclusion by relying on the joint stipulation, which the magistrate judge attached to its order. According to the majority, the order "incorporates" the joint stipulation, and thereby complies with § 3161(h)(7). Maj. Op. at 11. This holding is starkly inconsistent with the Supreme Court's and this Court's emphasis on the importance of complying with § 3161(h)(7)'s procedural strictness. *Zedner*, 547 U.S. at 508–09; *Brown*, 819 F.3d at 822.

As an initial matter, it is doubtful that the order actually incorporated the joint stipulation, as the order lacks any "explicit language of incorporation." *See Bender v. Newell Window Furnishings, Inc.*, 681 F.3d 253, 264 (6th Cir. 2012). Moreover, the mere agreement of the parties that the ends of justice outweigh the interest of the defendant and the public in a speedy trial cannot substitute for the district court's own findings to that effect. *See United States v. Ammar*, 842 F.3d 1203, 1206–07 (11th Cir. 2016) ("The best interests of the parties—and even those of the court—cannot alone justify deviation from the [Speedy Trial] Act's requirements, absent the determination that those interests outweigh the public interest."); *Parisi v. United States*, 529 F.3d 134, 140 (2d Cir. 2008) ("The ends-of-justice determination is . . . entrusted to the court, not the parties, and the parties cannot stipulate to its satisfaction as a substitute for the district court's finding to that effect."). Congress unequivocally imposed the procedural requirements of § 3161(h)(7) on *the district court*. *See United States v. Richmond*, 735 F.2d 208, 216 (6th Cir. 1984).[7]

Regardless, even if the magistrate judge "adopted the parties' stipulation as part of its own reasoning," the joint stipulation stated only that the time Defendant spent in plea negotiations should be excluded "because the ends of justice served by such continuance outweigh the interests of the public and the defendant in a speedy trial." Maj. Op. at 11. Such a conclusory statement does not comply with § 3161(h)(7). *See United States v. Toombs*, 574 F.3d 1262, 1271 (10th Cir. 2009) ("A record consisting of only short, conclusory statements lacking in detail is insufficient [to comply with § 3161(h)(7)]."); *United States v. Bryant*, 523 F.3d 349, 361 (D.C. Cir. 2008) ("The passing reference to the 'interest of justice' made by the trial judge . . . does not indicate that the judge seriously considered the [§ 3161(h)(7)(B) factors]. *Zedner* makes clear that trial judges are obligated to seriously weigh the benefits of granting the continuance against the strong public and private interests served by speedy trials. . . ."). Rather, it is a "maneuver[] aimed at merely paying lip service to the Speedy Trial Act's requirements." *Brown*, 819 F.3d at 815.

For all of the foregoing reasons, I concur in part and dissent in part.

---

[7]Accordingly, this case is distinguishable from those relied upon by the majority. In none of those cases did the district court rely solely on the mere agreement of, or findings made by, the parties.